JAMES E. SLOCUM, Exr.

*v.*

ALMIRA ANN HAGAMAN *et al.*

*Opinion filed December 21, 1898.*

1. REMAINDERS—*remainder takes effect upon determination of a life estate in any way.* A remainder postponed merely to let in a life estate in the widow takes effect immediately upon the determination of that estate, whether such determination arises from the widow's death or her renunciation of the will and her election to take dower or her statutory allowance.

2. SAME—*determination of life estate accelerates rights of second taker.* Rights of second takers which are postponed merely to let in the widow's life estate are accelerated by her renunciation of the will and election to take her statutory share in lieu of dower, and distribution may be had before the widow's death.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

WILSON, MOORE & McILVAINE, for plaintiff in error.

T. A. MORAN, WILLIAM D. WASHBURN, and P. W. SUL-
LIVAN, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the
court:

This is a bill, filed in the superior court of Cook county
on June 23, 1897, by the defendant in error, Almira Ann
Hagaman, widow of Benjamin Hagaman, deceased, who
died at Chicago on December 9, 1894, testate, leaving
no children or descendants of a child, but leaving, him
surviving, his said widow, and two sisters, and certain
nephews and nieces, children of his deceased brothers.
The defendants to the bill were said nephews and nieces
and sisters, and certain devisees and legatees under the
will, and certain persons holding incumbrances upon por-
tions of the property.   The bill was filed for partition,
and for a construction of the will.   The decree, entered
in the court below, appears to have been entered by con-
sent, and in pursuance of a stipulation entered into by all
the parties, except the plaintiff in error herein, James E.
Slocum, executor and trustee under the will.   The present
writ of error has been sued out by Slocum alone, as such
executor and trustee, for the purpose of reviewing the
decree entered below.

The will was dated October 6, 1888, and a codicil there-
to was dated April 19, 1892.   The will and codicil were
admitted to probate in the probate court of Cook county
on December 27, 1894.   Robert C. Givens and the plain-
tiff in error, James E. Slocum, were appointed executors
by the will, but Givens failed to qualify, and letters tes-
tamentary were issued to Slocum alone.

By the terms of the will the testator, Benjamin Haga-
man, gives and devises to his wife, Almira Ann Hagaman,
in fee, certain stores and lots of land, known as 104 and

106 South Water street in Chicago, and also $4000.00 per annum, payable quarterly from and after the date of the testator's decease, so long as she may live. The testator also wills and bequeaths to his wife all of the household goods and furniture, and everything in the house in which they lived; and he recites that his bequests and devises to his wife "are in lieu of any and all dower, widow's award, and of all other claim or claims." The will provides for the payment of $500.00 per annum to each of the two sisters of the deceased, as long as they respectively live; and also the sum of $800.00 per annum after the death of his wife to a certain adopted daughter, named Katie D. Hagaman, afterwards married to Herbert M. Ashley, and called in the record Catharine H. Ashley.

On January 5, 1895, the widow filed in the probate court her written renunciation of any devise or provision made for her by the will, thereby renouncing all claim to the benefit of any jointure, given or assured to her in lieu of dower, or of any devise or other provision made to her by said will; and elected to take, in lieu thereof, her dower and legal share in the estate of her husband. On June 10, 1896, she filed in the probate court her written election, as surviving wife of Benjamin Hagaman, to have, (in lieu of dower in said estate, and of any share of personal estate therein, which she might be entitled to take with dower, and in lieu of all the provisions made for her in the will), absolutely and in her own right, one-half of all the real and personal estate belonging to the estate, which should remain after the payment of all just debts and claims against the estate. The widow averred in her bill that, by virtue of said election and renunciation, she was entitled to one-half of all the real and personal estate belonging to her husband's estate, and, in addition thereto, to her widow's award. The bill also avers, that the title to the other undivided one-half of the real estate was devised by implication to the execu-

tors therein, and was held by the said James E. Slocum, executor and trustee, who was made party defendant to the bill.

Besides the lands left by the testator in the State of Illinois, he owned lands in several other States of the Union. The will provided that, after the demise of the testator's wife, and as soon as it could be done at fair prices, his property should be sold, and the proceeds thereof divided *pro rata* among his nephews and nieces and his said adopted daughter, share and share alike; and that, should any of his nephews and nieces die before such division leaving children, such child or children should be entitled to the share of its parent.

The bill alleged, that the renunciation by the widow of the provisions of the will accelerated the residuary estate. The decree, entered by the court below, directed a partition and distribution of the estate, notwithstanding the fact that the widow was still living, upon the ground that the estate of the nephews and nieces had been accelerated by the renunciation by the widow of the provisions made for her in the will. The decree also ordered, that the widow should receive one-half of the proceeds of sale of the real estate, owned by the testator outside of the State of Illinois.

After the present writ of error was sued out from this court, and on December 14, 1897, the death of the widow, Almira Ann Hagaman, was suggested, she having died on November 17, 1897, at Chicago. Upon motion of the solicitor of record, who had appeared for her in this court, Charles FitzSimons, executor and trustee under her last will and testament, was substituted as defendant in error for the said Almira Ann Hagaman, and entered his appearance herein.

Charles FitzSimons, the executor and trustee under the will of Mrs. Hagaman, deceased, has entered a motion to dismiss the present writ of error, alleging, in support of said motion, that the death of Mrs. Hagaman, prior to

the death of any of the nephews and nieces who are bene-ficiaries under the will of Benjamin Hagaman, has removed the question of acceleration from the consideration of this court, and that there is now no question before this court for adjudication.

The motion to dismiss the writ of error is not opposed by the plaintiff in error, Slocum, the executor under the will of Benjamin Hagaman, deceased. The only opposition to the dismissal of the writ of error seems to be made by counsel representing some of the nephews and nieces who were defendants below. These nephews and nieces consented to the entry of the decree entered by the trial court. They have assigned no cross-errors in this court. They are, therefore, estopped from alleging any objections to the decree. A dismissal of the writ of error would leave the decree standing in the court below as it was there entered, so that such dismissal would operate to secure the same result as would follow from an affirmance of the decree.

A decision by this court, that acceleration was produced by the renunciation of the widow necessarily leads to an affirmance of the decree below, without considering any of the other findings of the decree.

Upon the face of the will, the distribution of the estate was to be made at the death of the widow, but the court below held that the division and distribution of the estate could take place at once as though the widow had died, upon the ground that the right and power of the trustee to sell and convey the estate, and to divide and distribute the proceeds thereof, had been accelerated. Inasmuch as it appears that the widow has died, the period for the distribution of the estate under the terms of the will has arrived, whether there was any such acceleration as is claimed, or not.

The only party prosecuting the present writ of error is the plaintiff in error, Slocum, the trustee and executor under the will of Benjamin Hagaman, deceased. Counsel

for plaintiff in error say: "If the decree of the court was correct in finding that the estate of the remainder-men was accelerated by the renunciation of the widow, no other parties have any beneficial interest in the estate, and the trustee would not represent any interest not present in court and satisfied with the decree, and would have no duty to perform, except to carry into effect the decree as rendered.   *   *   *   The question as to the interest of the widow in the proceeds of the lands outside of the State of Illinois arises only in the event that this court shall hold that no acceleration was produced by the renunciation of the widow." In other words, the parties below, interested in the estate, and all of whom are of age, made a stipulation, which was introduced in evidence before the master, and therein consented to the entry of a decree, by the terms of which the proceeds of the sale of the lands outside of Illinois were to be divided equally between the widow on the one side, and the nephews and nieces and adopted daughter on the other side.    The sisters and adopted daughter agreed to take certain specified sums, in lieu of the annuities granted to them by the will, and the widow agreed to pay these sums out of her share of the estate.   A settlement was also made satisfactory to all parties with certain devisees, named in the will, who are the children of one Gage, living in the State of Iowa.   It thus appears, that there is nothing in the decree entered below, of which either the plaintiff in error, or any of the defendants in error, can complain, if the decree of the court below was correct in finding that the renunciation of the widow worked an acceleration of the remainders.  .

It seems to be settled by the weight of authority that, "where the widow, who has been given a life interest under the will, renounces and elects to take her dower or the statutory allowance instead, her renunciation works an extinguishment of her life estate, and accelerates the rights of the second taker." (*Fox* v. *Rumery,* 68 Mo.

121; *Dean* v. *Hart*, 62 Ala. 310; 20 Am. & Eng. Ency. of Law, pp. 895, 897, and cases in note 3). The doctrine of acceleration proceeds upon the supposition, that, though the ulterior devise is in terms not to take effect in possession until the decease of the prior devisee, if tenant for life, yet that, in point of fact, it is to be read as a limitation of a remainder to take effect in every event which removes the prior estate out of the way. (1 Jarman on Wills, 539; *Blatchford* v. *Newberry*, 99 Ill. 11). Whether the life estate is determined by a revocation, or by death, or by the renunciation of the widow, or by any other circumstance, which puts the life estate out of the way, the remainder takes effect, having only been postponed in order that the life estate might be given to the life tenant. (*Blatchford* v. *Newberry*, *supra*). In the latter case of *Blatchford* v. *Newberry*, *supra*, we held that the doctrine was founded upon the presumed intention of the testator, that the remainder-man should take on the failure of the previous estate, notwithstanding the prior donee may be still alive; and that the doctrine was to be applied in promotion of the presumed intention of the testator, and not for the purpose of defeating his intention. Where the intention of the testator is, that the remainder should not take effect till the expiration of the life of the prior donee, the remainder will not be accelerated. (Ibid.)

The question then arises in this case, whether the testator, Benjamin Hagaman, postponed the interests of his nephews and nieces and adopted daughter because of the income which his wife was to have for her life, and in order that she might have such income for life. Upon examination of the whole will, we are of the opinion, that the postponement of the division of the estate until the death of the widow was for the purpose of securing her income during her life, and that, when she renounced the provisions of the will, and took absolutely, as her own property, one-half of the testator's realty and one-half of his personalty, the reason for the postponement of

the period of distribution no longer existed; and it was proper to make such distribution as though the widow had died. In the seventh clause of the will the testator directs, that none of the property "bringing income," belonging to his estate, should be sold during the life of his wife, except the Dakota farm and lands. By his codicil he increased the annuity to be paid to his wife from $4000.00 per year to $5000.00 per year. The same restriction as to the sale of lands, not bringing income, does not exist in the will. The annuity of $800.00 per year to be paid to his adopted daughter is not to be paid until after the death of his wife. By the fourth clause of the will certain children of one Gage are to have a certain block of buildings in Fargo, Dakota Territory, but they are not to come into possession or enjoyment thereof, or of the rents, issues and income thereof, until after the death of his wife; and the possession, care, management and control of said property are given to his executors, or the survivor of them, until the decease of his wife. These and other provisions of the will indicate, that the chief care of the testator was to keep his estate in such condition, that an income should be derived therefrom for the benefit of his wife during her life. Therefore, when, by the renunciation of the widow, the income, provided for by the will, could no longer be paid, it was not necessary to postpone the vesting of the remainders until the expiration of her life. We are, therefore, of the opinion that the court below decided correctly in holding that the doctrine of acceleration was applicable under the terms of the present will, and under the circumstances already detailed.

Accordingly, the decree of the superior court of Cook county is affirmed.

*Decree affirmed.*