THOMAS H. CUMMINGS *et al.*

*v.*

ALMA C. HAMILTON.

*Opinion filed December 20, 1905—Rehearing denied April 11, 1906.*

1. WILLS—*when devise creates a contingent remainder.* A devise to the three children of the testatrix subject to the life estate of their father, but in case of the death of either devisee prior to the death of the testatrix or the life tenant, leaving a child or children, then such child or children, or their descendants, shall "inherit the share of real estate which would have vested in their parents," creates a contingent and not a vested remainder.

2. SAME—*when doctrine of acceleration does not apply.* A conveyance of his interest by a life tenant to the persons who would, under the will, take the remainder in fee in case they survived the life tenant, does not remove the life estate "out of the way" under the doctrine of acceleration, so as to vest the remainder and justify partition at the suit of a grantee of one of the remainder-men.

APPEAL from the Circuit Court of Jersey county; the Hon. O. P. THOMPSON, Judge, presiding.

On May 15, 1896, Julia I. Whipple died seized in fee simple of 300 acres of land in Jersey county. She left a will, by the second clause of which she gave to her husband, Mathew C. Whipple, "the rents, use and possession, for and during his natural life," of said real estate. The sixth and seventh clauses of her will are as follows:

"*Sixth*—I give, devise and bequeath after the death of my beloved husband, to Thomas H. Cummings, Sarah C.

VanHorne and Harry C. Cummings," the 300 acres of land, describing it.

"*Seventh*—In case of the death of either Thomas H. Cummings, Sarah C. VanHorne or Harry C. Cummings (prior to the death of my husband or prior to my decease) leaving a child or children, then in that case such child or children, or the descendants of such child or children, shall inherit the share of the real estate which would have vested. in their parents under the sixth and last provision above made."

After the death of the testatrix Mathew C. Whipple conveyed to Thomas H. Cummings, Sarah C. VanHorne and Harry C. Cummings all his right, title and interest in and to 120 acres of said real estate. Afterwards, Harry C. Cummings and his wife executed and delivered to Alma C. Hamilton a warranty deed purporting to convey an undivided one-third interest in and to the said 300 acres of land, subject to the life estate of Mathew C. Whipple in 180 acres thereof. Both Harry C. Cummings and Sarah C. VanHorne have children living.

Alma C. Hamilton filed a bill in the circuit court of Jersey county, to the March term, 1904, for partition of the 300 acres of land. Thomas H. Cummings, Sarah C. VanHorne and Mathew C. Whipple were made defendants to the bill. Afterwards, by amendment, the children of Harry C. Cummings and Sarah C. VanHorne were also made defendants. By the bill it was sought to partition the 300 acres equally between Alma C. Hamilton, Thomas H. Cummings and Sarah C. VanHorne, subject only to the life estate of Mathew C. Whipple in 180 acres. The defendants, Thomas H. Cummings and Sarah C. VanHorne, answered part of the bill and demurred to the part not answered. The court heard the evidence and entered a decree for partition in conformity to the prayer of the bill, finding that Alma C. Hamilton, Thomas H. Cummings and Sarah C. VanHorne were the owners in fee simple of the 300 acres of land subject only to

220—31

the life estate of Mathew C. Whipple in the 180 acres, and appointing commissioners to make partition of the premises. Thomas H. Cummings and Sarah C. VanHorne have appealed from that decree to this court, and urge that under the will of Julia I. Whipple, they, appellants, and Harry C. Cummings took only a contingent remainder in the land, conditioned upon surviving Mathew C. Whipple, and that it was error to decree partition of any part of said land except the life estate in the 120 acres which had been conveyed by Mathew C. Whipple.

GEORGE W. HERDMAN, and ED J. VAUGHN, for appellants.

HAMILTON & HAMILTON, and THOMAS F. FERNS, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Reading this will from the four corners thereof, as it speaks at the death of the testatrix, the devise to Harry C. Cummings was substantially this: If he survived the life tenant he was to take the property in fee; if he did not survive the life tenant the property was, upon the termination of the life tenancy, to vest in his children or their descendants, in fee, provided he died leaving children. The property was to pass to Harry C. Cummings upon an uncertain and dubious event, viz., if he survived the life tenant, and was therefore a contingent remainder. *Haward* v. *Peavey*, 128 Ill. 430; *Thompson* v. *Adams*, 205 id. 552.

It is true that the gift to him by the sixth clause is by words of present devise and not conditioned upon his surviving the life tenant, and the seventh clause devises the property to his child or children in the event of his dying prior to the decease of the life tenant, and the devise, so far as the provisions just mentioned are concerned, would therefore seem to fall within the case of *Blanchard* v. *Blanchard*, 1 Allen, 223, quoted from and approved by this court in the

case of *Haward* v. *Peavey, supra,* and within the principle announced in the case of *Orr* v. *Yates,* 209 Ill. 222, and if so, the estate devised to Harry C. Cummings would be a fee in remainder defeasible by his death prior to the death of the life tenant. But one feature of the will now before us was entirely absent in the wills under consideration in the *Blanchard case* and in the *Orr case,* namely, by the words devising the estate in the event of. the death of Harry C. Cummings prior to the decease of the life tenant, in the seventh clause of the will of Julia I. Whipple, it is provided that his children or their descendants "shall inherit the share of the real estate which would have vested in their parents under the sixth and last provision above made."

We regard the expression, "which would have vested in their parents," as significant. The evident meaning thereof is, that the children (or their descendants) shall take the share of the real estate which would have vested in the parent (Harry C. Cummings) had the parent survived the life tenant, and plainly indicates the purpose of the testatrix that the real estate was not to vest in the parent unless the parent survived the life tenant.

Whether, however, the estate devised to Harry C. Cummings be regarded as a contingent remainder or as a fee in remainder subject to be divested by his death prior to the death of the life tenant is not of importance, because in this case, as was said in *Knight* v. *Pottgieser,* 176 Ill. 368, (on p. 376) "a fee in the remainder, subject to be divested by the death of the person seized prior to the death of the life. tenant, is not, for any practical purposes, to be distinguished from a remainder contingent upon the remainder-man surviving the life tenant."

A patient examination of the authorities cited by appellee has led us to the conclusion that there is no reasonable basis for her contention that the testatrix devised to Harry C. Cummings a vested remainder which was not subject to be divested.

It is then urged that the doctrine of acceleration applies. This doctrine "proceeds upon the supposition that, though the ulterior devise is in terms not to take effect in possession until the decease of the prior devisee, if tenant for life, yet that, in point of fact, it is to be read as a limitation of a remainder to take effect in every event which removes the prior estate out of the way. (1 Jarman on Wills, 539; *Blatchford* v. *Newberry*, 99 Ill. 11.) Whether the life estate is determined by a revocation, or by death, or by the renunciation of the widow, or by any other circumstance which puts the life estate out of the way, the remainder takes effect, having only been postponed in order that the life estate might be given to the life tenant." (*Slocum* v. *Hagaman*, 176 Ill. 533.) It is said that the conveyance by Mathew C. Whipple of his interest in 120 acres of the real estate to the remainder-men mentioned in the sixth clause of the will removed the life estate out of the way so far as that 120 acres of land is concerned, and that the 120 acres at least is therefore subject to partition in fee. With this contention we are unable to agree. The conveyance of the life estate does not amount to its removal "out of the way." It is not removed unless it is in some manner destroyed, as by renunciation or refusal to take, or by its being defeated by some event which takes away the right of the life tenant to hold the property prior to his decease, where the instrument creating the life tenancy has provided that such event should terminate that tenancy, or where the life tenant has failed in the performance of duties upon the performance of which the life tenancy depends. The conveyance of the life estate to another does not amount to a destruction or removal thereof.

It follows, therefore, that the decree of the circuit court was erroneous. That decree will be reversed and the cause will be remanded to that court for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*