JOSEPH FENNELL *et al.*, *Appellants*, v. JOHN FENNELL
*et al.*, *Appellees.*

No. 16,154.

SYLLABUS BY THE COURT.

WILLS — *Repudiation by Widow* — *Administration as to Other*
*Persons.* Where a widow elects to take under the law in-
stead of under the will of her husband the provisions of the
will, where it can be done, will be administered as to other
persons unaffected by the action of the widow.

Appeal from Jackson district court; MARSHALL GEP-
HART, judge. Opinion on rehearing, filed February 12,
1910. First opinion (*Fennell v. Fennell,* 80 Kan. 730)
modified.

*Z. T. Hazen,* and *R. H. Gaw,* for appellant Enos.
Fennell.

*A. E. Crane, F. T. Woodburn, E. D. Woodburn,* and
*Charles Hayden,* for the appellees.

The opinion of the court was delivered by

GRAVES, J.: A rehearing was granted in this case,
limited to the single proposition, Can the provisions of
the will providing for the payment of the sum of $500
to the testator's son Enos be administered and the other
features of the decision as now rendered stand?

Upon a reconsideration of this feature of the will we
have concluded that it may be administered in this re-
spect free from any interference with its other provi-
sions. The bequest to Enos is entirely independent of
the other provisions of the will. It has been suggested
that as the sum due him is not payable according to the
provisions of the will until after the death of Mrs. Fen-
nell he can not be paid by an administrator in the ordi-
nary course of administration, and to do so would de-
feat the intent of the testator. We do not think this the
proper interpretation to place upon the will. The true

intent of the testator was that Enos should receive the bequest named in the will for him upon the termination of the life estate of Mrs. Fennell. Her life estate was terminated as effectually when she refused to take it as it could be upon her death, and the bequest to Enos became payable immediately. (*Vance's Estate*, 141 Pa. St. 201; *Randall v. Randall*, 85 Md. 430; *Ferguson's Estate*, 138 Pa. St. 208; *Slocum v. Hagaman*, 176 Ill. 533; *Trustees Church Home v. Morris*, 99 Ky. 317.)

The decision is therefore modified to the extent that the provision of the will relating to Enos Fennell will be sustained and administered as though the life estate to Mrs. Fennell had terminated by her death.