ESTHER FOWLER *et al.* Plaintiffs in Error, *vs.* GERTRUDE T. SAMUEL, *et al.* Defendants in Error.

*Opinion filed December 17, 1912.*

1. WILLS—*whether a remainder will be accelerated depends upon the intention of the testator.* Whether a remainder will be accelerated depends upon the intention of the testator, which is to be determined from the will itself.

2. SAME—*general rule as to acceleration of remainder.* Where the taking effect, in possession, of the remainder is postponed only to let in a prior life estate the remainder will be accelerated upon the extinguishment of the life estate even though the prior life tenant be still alive, but if the intention of the testator is that the remainder shall not take effect until the death of the prior life tenant the remainder will not be accelerated though the life tenant conveys the life estate to the remainder-man.

3. SAME—*when a remainder is not accelerated.* A remainder given in trust to the testator's grand-daughter in case she sur-

vives the testator's widow, who was given a life estate, and the testator's daughter, who was given a life estate in trust after the death of her mother, is not accelerated by conveyances of the widow's and daughter's life estates to the grand-daughter, where the will provides that "no interest shall vest in any of the possible grantees of my said trustee until the happening of each and all of the several contingencies upon which my said trustee is to make a conveyance to them, respectively."

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

ALVIN W. WISE, O. M. JONES, and REARICK & MEEKS, for plaintiffs in error.

LINDLEY, PENWELL & LINDLEY, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

The original bill in this case was filed by Jane C. Daniel to contest the will of her father, Levin T. Palmer, who died testate in Vermilion county on August 26, 1900, owning real and personal property. He left surviving him a widow, Esther Palmer; a son, Charles J. Palmer, who was named as executor and trustee in the will; and a daughter, Jane C. Daniel. The following grandchildren survived the testator, namely: Alice Fowler, a daughter of L. Townsend Palmer, a deceased son; Carl, Sara, Janet and Esther, children of his son, Charles J. Palmer; and Gertrude T. Samuel, daughter of Jane C. Daniel. The grand-daughter Alice Fowler had two children,—Esther Fowler and Helen Louise Fowler. By the will a life estate was given to the widow of the testator in all his real estate. Subject to her life estate certain real estate described was devised to the trustee for the use and benefit, during her life, of Jane C. Daniel if she survived the widow, with remainder over to others upon contingencies mentioned, as will appear from portions of the will here-

after set out. After the bill to contest the will had been filed by Jane C. Daniel, to which all the parties above mentioned and the widow of the deceased son, L. Townsend Palmer, were made defendants, the widow of the testator, Esther Palmer, executed a conveyance of her interest in the premises in which Jane C. Daniel was given a life estate, to Jane C. Daniel, and the latter afterwards executed a conveyance of her interest in said premises to Gertrude T. Samuel. Thereupon Charles J. Palmer, executor and trustee, filed a cross-bill praying a decree that by the conveyances of Esther Palmer to Jane C. Daniel and from Jane C. Daniel to Gertrude T. Samuel the life estates of Esther Palmer and Jane C. Daniel in the premises in which Jane C. Daniel was given a life estate be declared extinguished and merged in the fee and the remainder in Gertrude T. Samuel accelerated, and that she be decreed to be entitled to a conveyance of the premises, in fee simple, by the trustee. The cause was referred to a master in chancery to take proofs and report his conclusions. The master reported, recommending a decree in accordance with the prayer of the cross-bill; that the remainder in Gertrude T. Samuel was accelerated by the conveyances of the life tenants, and that she was entitled to a conveyance, from the trustee, of the premises in fee simple; that the other defendants in the cross-bill, who were the same parties defendant to the original bill, and Jane C. Daniel and the executor and trustee, be enjoined from claiming or asserting any interest in or title to the premises against Gertrude T. Samuel or anyone claiming through or under her. Upon the hearing Jane C. Daniel dismissed the original bill. The court approved the report of the master and entered a decree in accordance with its recommendations. Esther Fowler and Helen Louise Fowler, the children of Alice Fowler, a grand-daughter of the testator, who are minors, by their next friend sued out this writ of error to review the decree of the circuit court.

No facts are in dispute, and counsel for the respective parties agree that the ulterior devises were contingent remainders. The question presented for our determination is whether, as a result of the conveyances of the life tenants, the life estates became extinguished and merged in the fee, thereby accelerating the remainder in Gertrude T. Samuel and destroying and cutting off the contingent remainders to the other remainder-men. The parts of the will material to the determination of this question are the third and sixth clauses, which are as follows:

"*Third*—I give and devise to my said wife all of my real estate wheresoever the same may be situate, to have and to hold for and during her natural life.

"*Sixth*—I give and devise to my executor hereinafter named, in fee simple, subject to the life estate of my wife, the following described real estate lying and being in Vermilion county, Illinois, viz.: [Here follows description of property.] In trust, however, for the uses and purposes following, that is to say: In trust in case my daughter, Jane C. Daniel, shall survive my wife, to allow my said daughter to have, receive possession and enjoy the rents and profits of said premises for and during her natural life, and if my said daughter shall not survive her mother, then to convey the said premises in fee simple to my granddaughter Gertrude Samuel, if she be living, but if the said Gertrude be also dead, to convey said premises to her child or children, if any be living, but if no child or children of said Gertrude be living, to convey the same to my grandchildren who may be then living, and if any of my grandchildren shall be dead leaving surviving them a child or children, to convey to the said child or children the share which its or their parent would have received if living. The said conveyance to my grandchildren to be share and share alike, or *per capita,* and not *per stirpes.* And if my daughter, Jane C. Daniel, shall survive her mother, then at the death of my said daughter to convey said premises

to said Gertrude Samuel or her children, or my said grandchildren or their children, upon the happening of the same contingencies as are above mentioned with reference to her not surviving her mother; that is to say, to Gertrude Samuel if she shall survive my daughter, or if being dead leaving issue, to such issue, and failing such issue, to my other grandchildren, share and share alike, and to the children of my dead grandchildren, as above provided. And I expressly declare it to be my will that no interest shall vest in any of the possible grantees of my said trustee until the happening of each and all of the several contingencies upon which my said trustee is to make a conveyance to them, respectively."

Whether a remainder will be accelerated depends upon the intention of the testator, which is to be determined from the will itself. The rule repeatedly announced in the decisions of this court is, that where the taking effect in possession of the ulterior devise or remainder is postponed only in order that a life estate may be given to a life tenant, upon the failure or destruction of the life estate the rights of the second taker are accelerated although the prior donee be still alive; but where the intention of the testator is that the remainder shall not take effect until the expiration of the life of the prior donee, the remainder will not be accelerated. In *Blatchford* v. *Newberry,* 99 Ill. 11, the court, after quoting from Jarman on Wills and *Jull* v. *Jacobs,* L. R. 3 Ch. Div. 711, stated the rule as follows: "This doctrine of acceleration, however, is not an arbitrary one, but it is founded on the presumed intention of the testator that the remainder-man should take on the failure of the previous estate, notwithstanding the prior donee may be still alive, and is applied in promotion of the presumed intention of the testator and not in the defeat of his intention; and when it is the evident intention of the testator that the remainder should not take effect till the expiration of the life of the prior donee the remain-

der will not be accelerated." This rule has been quoted, literally or in substance, in numerous subsequent decisions, among them *Cummings* v. *Hamilton,* 220 Ill. 480, *Slocum* v. *Hagaman,* 176 id. 533, and *Northern Trust Co.* v. *Wheaton,* 249 id. 606.

It seems to us that the last sentence of the sixth clause of the will makes clear the intention of the testator in postponing the ulterior devises. The contingency upon which Gertrude T. Samuel was to take was, that she survive both the widow and Jane C. Daniel. If Gertrude died before the decease of both the widow and Jane C. Daniel the land was to go to Gertrude's child or children or their descendants. If Gertrude left no child or children, or descendants of such, the land was to go to the testator's grandchildren and the children of any deceased grandchild. By the last sentence of the sixth clause of the will the testator expressly stated his intention to be that no interest should vest in any of the possible takers under his will until the happening of all the contingencies upon which their taking depended. The sentence referred to reads: "And I expressly declare it to be my will that no interest shall vest in any of the possible grantees of my said trustee until the happening of each and all of the several contingencies upon which my said trustee is to make a conveyance to them, respectively." The only purpose of this language, as we understand it, was to make it clear that it was not the testator's intention to postpone the ulterior devises only for the purpose of giving life estates to the widow and Jane C. Daniel, but that he intended that the rights and interests of the remainder-men should depend upon and be determined by the happening of the contingencies mentioned in the will. "As respects the intention of the testator, which is to be regarded in the interpretation of a will, it is not the intention to be deduced from speculation upon what the testator may be supposed

to have intended, but it is the intention as spoken by the words of the will." *Blatchford* v. *Newberry, supra.*

We are of opinion the decree is contrary to the intention of the testator, and it is therefore reversed and the cause remanded, with directions to dismiss the cross-bill.

*Reversed and remanded, with directions.*