(No. 15125.—Decree modified and affirmed.)
IDA HASEMEIER *et al.* Appellants, *vs.* OLGA WELKE *et al.*
Appellees.

*Opinion filed October 20, 1923.*

1. WILLS—*when will creates a base fee in children and an absolute fee in grandchildren.* Under a will giving the widow a life estate in all the testator's real and personal property, and "at her death to be equally divided among my children, or in case of their death then to the heirs of their body," the testator's children take a base fee, which will become certain if they survive the life tenant, but children of a child who pre-deceased the testator take an absolute fee in their share.

2. SAME—*when interests of children are not accelerated by the widow's renunciation.* Where children of the testator are given a base fee in the remainder after the widow's life estate, which is to become absolute if they survive her, the fact that she renounces the terms of the will does not accelerate the interests of the children so as to change their base fee in the remainder to an absolute fee. (*Slocum* v. *Hagaman,* 176 Ill. 533, and *Sherman* v. *Flack,* 283 id. 457, distinguished.)

3. SAME—*when children should be required to give bond against waste of personal property.* Where children of the testator take a base fee under the will and the widow renounces the will, which gave her a life estate, a decree directing the children's share of the personal property to be turned over to them should require them to give bond to preserve such personal property against waste in case of their death occurring before the death of the widow.

APPEAL from the Circuit Court of Fayette county; the Hon. THOMAS M. JETT, Judge, presiding.

E. B. VANDERVORT, MATHENY & WELKER, and GEORGE B. RHOADS, for appellants.

FRED A. MEYERS, guardian *ad litem,* for minor appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants filed a bill for partition of certain land in Fayette county, and in aid to such bill also prayed the construction of the second clause of the will of August Zinn,

deceased. The appellants are the children of August Zinn, and the appellees, the children of Henry Zinn, the deceased son of August Zinn, were made defendants.

On October 28, 1920, August Zinn executed his will. It contained the following provision:

"*Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath to my beloved wife, Caroline Zinn, all my real estate and personal property, to be used by her so long as she lives and at her death to be equally divided among my children, or in case of their death, then to the heirs of their body."

The only question involved in the case arises out of the construction of this clause. The chancellor held that by this clause of the will Caroline Zinn, the widow of August Zinn, took a life estate in the real and personal property of the testator, and that their six living children each took by said clause a base or determinable fee in one-seventh of the real and personal property, subject to being divested upon the death of such children during the life of the widow, who was the holder of the life estate, while the children of Henry Zinn, deceased, took a fee absolute in the remaining seventh. Appellants seek a review of the decree, contending that the children, as well as the grandchildren, of the testator took a fee absolute; that by the language of the will, "or in case of their death," the testator referred to death during his lifetime and not death during the lifetime of the widow, as held by the chancellor. The widow renounced the will, and the decree therefore held that the interests of the children were subject to her dower and homestead.

The principal question arising on the construction of the will is whether or not the testator intended that the death of any of his children which is to divest such child of the fee given it should occur during his lifetime or that of the life tenant. If he intended by the language of the will that death of such child should take place during his

own lifetime, then the interest of a child who survived him was, as contended by appellants, an absolute fee.

There is no material distinction between the provisions of this will and that in the case of *Boye* v. *Boye,* 300 Ill. 508, or *Warrington* v. *Chester,* 294 id. 524. In the former the provisions of the will were that at the death of the wife the property was to go to the testator's children, share and share alike, to be divided among them within a reasonable time; "that in the event any of my child or children shall be dead at that time, leaving child or children," the latter are to take its parent's portion. It was held in that case that the estate devised to the children was a base fee, determinable upon the death of the devisee during the life of the life tenant. In *Warrington* v. *Chester, supra,* the will provided that upon the death or re-marriage of the wife the real and personal estate remaining was to go to the children of the testator then living, "to be equally divided among them, my said children, the issue of any child who may have then deceased taking the share to which such deceased child would be entitled to if living." It was there held that the estate devised to the children was a base fee, terminable on the death of the widow, who was the life tenant, with an executory devise over in case such child left issue. The rules announced in those cases and in the cases there cited are to govern the construction of a will in the absence of language in the will precluding such construction. There is no such language in this will. The will was executed on October 28, 1920. Henry Zinn, son of the testator, died February 20, 1920, eight months prior to the making of the will. The testator could hardly have intended to provide by the language used that death of his children meant death prior to his own, as his son Henry had deceased prior to the making of the will. It does not seem likely that such language would have been used had that been his intention. Moreover, by the language of the

will the period of distribution is plainly fixed at the death of the life tenant.

Appellants contend that the widow having renounced the will, the remainders thereby became accelerated and the children became at once owners of the fee absolute. It has long been a settled rule concerning the construction of wills which devise contingent interests depending on the devisee surviving the life tenant, that the person named as devisee must literally survive the person named as life tenant and not that he merely survive the determination of the life estate. So where the life estate is terminated by renunciation, or otherwise than by death of the life tenant, a base fee in the remainder terminable on the death of the remainderman during the lifetime of the life tenant does not by such renunciation become a fee absolute. (*Fowler* v. *Samuel,* 257 Ill. 30; *Wakefield* v. *Wakefield,* 256 id. 296; *Blatchford* v. *Newberry,* 99 id. 11.) It has been held in cases where the interests created are to the widow for life, with direction to the executor to sell at her death and divide the proceeds among the children of the testator, (naming them,) that the words "at the widow's death" mean only the termination of the widow's life estate whenever and however it occurs, and that acceleration in such case therefore occurs. (*Slocum* v. *Hagaman,* 176 Ill. 533.) This has also been held to·be true in cases where the devise is made to the widow for life and at her death to be divided among the children of the testator, (naming them,) "or their heirs." (*Sherman* v. *Flack,* 283 Ill. 457.) It will be noted in each of these cases that the children of the testator take the remainder in fee absolute by the will, and so upon renunciation by the widow the remainders in fee absolute of such children are accelerated. In the case before us a child of the testator is not given a remainder in fee absolute but a base fee, which does not become a fee absolute unless such child be living at the time of distribu-

tion, which is at the death of the life tenant. It is not the rule in such a case that renunciation by the widow will, by accelerating the time of possession of the children of the testator, defeat the excutory devise over to the heirs of the body of such children. Where it is shown by the will that the absolute vesting of a remainder in fee is made dependent upon a survival of the life tenant by the remainder-man, renunciation of the widow who is the life tenant cannot have the effect of changing the character of the fee of such devisee from a base or determinable fee to a fee absolute during the lifetime of such widow. *Fowler* v. *Samuel, supra; Wakefield* v. *Wakefield, supra;* Kales on Estates and Future Interests, (2d ed.) sec. 599.

Appellees argue, though without assignment of cross-errors, that the decree should be modified in so far as it authorizes the executor of the estate to pay to the children of the testator their share of the personal property, it being urged that the children of the testator, prior to receiving their share of such personal property, should be required to give a bond to preserve such property so received by them against waste in case of the death of such child prior to the death of the widow. This position is well taken. The appellees, minor children of Henry Zinn, deceased, would, in case any of the children of the testator die without issue, be interested in the proper preservation of such estate, as would the heirs of the body of any of the testator's children. Otherwise the decree is correct.

The decree will be modified in the manner indicated. As so modified it will be affirmed.

*Decree modified and affirmed.*