THE FOREMAN TRUST AND SAVINGS BANK, Exr., Plaintiff in Error, *vs.* ETHEL SEELENFREUND *et al.* Defendants in Error.

*Opinion filed April 21, 1928.*

1. WILLS—*when trustee takes estate in fee.* Where a testator gives his estate, both real and personal, in trust to a trustee with active duties to perform in the management and investment of the property and with power to sell, a fee simple title to the real estate is conferred and a corresponding estate in the personal property, subject to the provisions of the will as to distribution of the income and the ultimate distribution of the estate.

2. SAME—*when children take base fee.* Where a testator gives to a trustee his entire estate, with directions to sell, if necessary, and invest and to pay the entire proceeds to his widow for life or until her re-marriage, upon either of which events the estate is to be divided between his two children, provided that certain other disposition shall be made in case either of them dies, death prior to the time of distribution is referred to and the children take a base fee, subject to termination by their respective deaths during the lifetime or prior to the re-marriage of the widow; and as the trustee is given the fee for the purpose of the trust the ultimate estate in fee to the children is an equitable estate.

3. SAME—*when renunciation by widow does not accelerate distribution.* Where a testator creates a trust estate in fee, with provision for the payment of the entire income to his widow until her death or re-marriage, in either of which events distribution is to be made as provided in the will, a renunciation by the widow and election to take dower does not accelerate the time of distribution nor change the estate of the distributees, who were given a base fee subject to the death of either of them prior to the time of distribution, to an estate in fee simple absolute.

4. SAME—*when provision for the widow should be sequestered upon her renunciation.* Where a testator creates a trust estate in fee, with a provision for the payment of the entire income to his widow until her death or re-marriage, when the estate is to be divided between his two children, the renunciation of the will by the widow and election to take dower do not entitle the children to the income prior to the period of distribution, where their interests constitute a base fee, being subject to their survival of the period of distribution, but the provision for the widow will be sequestered for the benefit of all those suffering from the diminution of the estate by the widow's renunciation and election, including the devisee who is to take in the event of the death of the children.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

SAMUELS, LAWTON & WITTELLE, for plaintiff in error.

OTTO F. WEINER, guardian *ad litem,* (ISAAC S. ROTHSCHILD, of counsel,) for defendant in error Robert S. Friedstein.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for other defendants in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Plaintiff in error, the Foreman Trust and Savings Bank, as executor and trustee under the last will and testament of Alexander B. Seelenfreund, filed its bill in the circuit court of Cook county against defendants in error, the widow and heirs of the testator, for the construction of his will and for directions as to the manner in which the trust created by

the will should be administered. An answer was filed by each of the defendants and some of them filed a cross-bill. Upon a hearing a decree was entered, and a writ of error has been prosecuted from this court to review the decree.

Alexander B. Seelenfreund died testate in Chicago on April 23, 1923, leaving his widow, Ethel Seelenfreund, and his two adult children, Helen S. Friedstein and Louis M. Seelenfreund, as his only heirs-at-law. Helen S. Friedstein had a son, Robert S., who was then about five years of age. The last will and testament was admitted to probate on June 4, 1923, and plaintiff in error was appointed and qualified as executor. The will, after providing for the payment of debts, bequeathed to the widow all of the personal property in the home. The third paragraph devised and bequeathed the remainder of the estate to plaintiff in error in trust. The trustee was to receive, have, hold, manage and control the estate, with full power to convert and re-convert the same, to invest and re-invest in first mortgages upon Chicago real estate or upon such other securities as it might deem prudent. It was to pay the entire income from the estate to the widow during her life or so long as she remained unmarried. The fourth paragraph provided that in the event of the re-marriage of the widow her right to the income should at once cease and the trustee should pay to her one-third of the entire trust estate for her absolute use and benefit and the remainder was to be divided equally between Helen S. Friedstein and Louis M. Seelenfreund. The fifth paragraph was as follows: "Upon the death of my beloved wife, Ethel Seelenfreund, unmarried, said trustee shall then divide my estate equally between my two children, Helen S. Friedstein and Louis M. Seelenfreund. In the event of the death of my daughter, Helen S. Friedstein, after my death, the share of my said daughter, Helen S. Friedstein, shall be held in trust for my grandson, Robert S. Friedstein until he shall attain the age of twenty-five years, and the income of the same shall be paid

to him up to the time said trust estate is paid over and transferred to him. In the event of the death of my son, Louis M. Seelenfreund, the share of my said son, Louis M. Seelenfreund shall be added to the estate held by my trustee for the benefit of my daughter, Helen S. Friedstein, and paid over and transferred to her. In the event of the death of both my daughter, Helen S. Friedstein and my son, Louis M. Seelenfreund, then both his or her share shall be held by my trustee for the benefit of my grandson, Robert S. Friedstein, until he shall attain the age of twenty-five years." The sixth paragraph authorized the trustee to rent or lease the real estate, to make such alterations, repairs and improvements on the buildings as it might consider necessary, to pay all taxes and assessments, to keep all buildings insured and pay the cost thereof. It authorized the trustee to convert, exchange, partition, sell and convey said real estate, or any part thereof, either at public or private sale, for cash, or partly for cash and partly on credit, and upon such terms as the trustee might deem prudent; to execute all deeds or other instruments of conveyance necessary or proper to effect such sales; to extend or renew any incumbrance existing on any of the real estate, or to execute new notes in place of and for not exceeding the amount of any existing notes and secure the same by new trust deeds.

The property of the testator consisted of two pieces of real estate in the city of Chicago and about $50,000 in personal property. After the will was admitted to probate the widow renounced her rights thereunder and elected to take her statutory interest and dower in the estate. At the time the bill was filed the widow was living and she had not remarried. Helen S. Friedstein, Louis M. Seelenfreund and Robert S. Friedstein were living.

After the widow renounced the will the question arose as to whether or not, upon the closing of the estate in the probate court, the executor should continue to hold the

estate as trustee under the will, or whether, by reason of
the renunciation, the remainders of Helen S. Friedstein and
Louis M. Seelenfreund had been accelerated and they were
entitled to receive from the trustee the personalty of the
estate and a conveyance to them of the real estate; also
what disposition should be made of the income in case it
should be determined that the executor should continue to
hold the estate as trustee under the will. For the purpose
of determining these questions plaintiff in error filed its
bill, setting out the facts as above stated and praying for a
construction of the will and the direction of the court in the
premises. The adult defendants to the bill filed their an-
swers and also filed their cross-bill, in which they alleged
that by reason of the renunciation by the widow the trust
created by the will had terminated and that Helen S. Fried-
stein and Louis M. Seelenfreund were entitled, share and
share alike, to the remainder of the personal property in
the hands of the trustee and to hold the real estate in fee
simple, subject to the dower rights of the widow, and that
the so-called contingent interest of Robert S. Friedstein,
the minor, had ceased. Upon a hearing the court found
that the intention of the testator was to provide primarily
for the support and maintenance of his widow during her
lifetime or until her re-marriage; that it was his intention
that the estate, real and personal, should be divided in equal
parts between the son and daughter, if living, upon the
death of the mother or upon her re-marriage; that upon
the renunciation by the widow the personal estate, after the
payment of all debts, should be divided between the adult
children of the testator; that the legal title to the real estate
vested in the adult children subject to the interests of the
widow, the vesting, division and distribution having been
accelerated by the renunciation of the widow; that the in-
terest of the minor was contingent upon the happening of
certain events before the arrival of the time provided for
distribution, and that none of the contingencies provided for

had arrived although the time for final distribution was at hand; that the minor had no legal interest in the estate, either real or personal, and was not entitled to participate in the distribution. Plaintiff in error was ordered, after the payment of all legal claims and after the payment to the widow of her one-third share of the personal property, to divide the remainder into two equal parts and pay the same to the son and daughter, who were decreed to be the legal owners in fee, as tenants in common, of all the real estate, subject to the interest of the widow; that plaintiff in error had no right, title or interest in the real estate.

There is very little controversy between counsel for the respective parties as to the proper interpretation of the will or as to the law applicable to the facts. The only controversy is whether or not the two adult children of the testator are entitled to the income during the continuance of the trust and during their respective lives. The will gave the trustee power to manage, sell and transfer the estate during the life of the widow or so long as she remained unmarried. The power conferred upon the trustee was sufficient to vest in it the fee simple title to the real estate, and a corresponding estate in the personal property, subject to the provisions of the will. (*Easton* v. *Hall,* 323 Ill. 397; *People* v. *Emery,* 314 id. 220; *Churchill* v. *Marr,* 300 id. 302; *Emmerson* v. *Merritt,* 249 id. 538.) The trust was an active one and was to continue during the life of the widow or while she remained unmarried. Under the fourth and fifth clauses the two children of the testator, subject to the prior estates, took a base fee in the property, subject to termination by their respective deaths during the lifetime or prior to the re-marriage of the widow. (*Lachenmyer* v. *Gehlbach,* 266 Ill. 11; *Boye* v. *Boye,* 300 id. 508; *Harder* v. *Matthews,* 309 id. 548; *Drager* v. *McIntosh,* 316 id. 460; *Corson* v. *Thornburn,* 323 id. 338.) As the trustee had the fee simple title, the ultimate estate in fee to the two children was an equitable estate. (*Carpenter* v. *Hubbard,* 263

Ill. 571; *Nowlan* v. *Nowlan,* 272 id. 526; *Aloe* v. *Lowe,* 278 id. 233.) The renunciation by the widow did not accelerate the interests of the children and their base fee did not become a fee absolute. (*Hasemeier* v. *Welke,* 309 Ill. 460; *Fowler* v. *Samuel,* 257 id. 30; *Wakefield* v. *Wakefield,* 256 id. 296.) All of these conclusions are conceded by the respective parties, and it is agreed that the fee simple title after the renunciation remained in plaintiff in error, as trustee, until the death or marriage of the widow.

It is, however, contended both by the plaintiff in error and the adult remaindermen that the latter are entitled to the income from the estate during the continuance of the trust and during their respective lives. In support of this contention the following cases are cited: *Hasemeier* v. *Welke, supra; Boye* v. *Boye, supra; Aloe* v. *Lowe, supra; Becker* v. *Becker,* 206 Ill. 53. The guardian *ad litem* for the minor contends that the adult remaindermen are not entitled to the income; that the remaindermen are disappointed legatees and devisees and are entitled to compensation by the sequestration of the estate relinquished by the renunciation of the widow. In support of this contention section 79 of the statute on administration is cited, together with *Wilbanks* v. *Wilbanks,* 18 Ill. 17, *Wakefield* v. *Wakefield, supra,* and *Schaffenacker* v. *Beil,* 320 Ill. 31.

The cases cited by plaintiff in error and the adult remaindermen in support of the claim that the remaindermen are entitled to the income pending the time of the distribution do not sustain that contention. This is due partly to the fact that the provisions of the will in question are different from the provisions of the wills in the cases cited. In *Hasemeier* v. *Welke, supra,* it was held that where children of the testator take a base fee under the will and the widow renounces the will which gave her a life estate, a decree directing the shares of the children in the personal property to be turned over to them should require them to give bond to preserve such personal property against waste

in case of their death before the death of the widow. In that case, however, there was no trust estate in fee which postponed the time of distribution to the date of the death or re-marriage of the widow, therefore that case is not controlling or of very much value as authority upon the point in question. In *Boye v. Boye, supra,* the testator devised all his property to his wife for life with directions to his executor to convert the property into cash at the death of the widow and distribute it to his children, the child or children of any deceased child to take the share of the parent. There was a provision that the share of one grandson should be held by the executor and the income, only, paid to him, together with such portion of the principal as might be needed for his care and education until he reached the age of twenty-eight years, and it was held that this provision only authorized the payments to be made after the death of the life tenant. This case does not support the contention that the remaindermen were entitled to the income prior to the time of distribution. It does hold, however, that there can be no distribution prior to the time fixed in the will.

Section 79 of the statute on administration provides that in all cases where a widow shall renounce the will and the legacies and bequests therein contained to other persons shall become diminished or increased, it shall be the duty of the court, upon settlement of the estate, to abate from or add to such legacies or bequests in such manner as to equalize the loss sustained or advantage derived thereby. In *Wakefield v. Wakefield, supra,* it was held that where a devisee or legatee having a right of election exercises such right, the court will take hold of that which is relinquished, to compensate, as far as may be, the disappointed devisees, and equity will sequester the devise or bequest renounced and apply it in place of the devises and bequests defeated. In *Schaffenacker v. Beil, supra,* it was held that where a devise of a life estate in all the testator's property was re-

nounced by the widow and the remainder is contingent, the life estate should be sequestered and continued in force, to be managed by a trustee selected by the court during the life of the widow, so that the proceeds, with accumulations, may be paid to the devisees and legatees under the will. Under the will in this case the widow was only entitled to the income from the trust estate for life or until she re-married. Upon her renunciation she became entitled to one-third of the personal estate and dower in the real estate. The trust estate was diminished to the extent of the value of the property received by her under her renunciation. The period of distribution was either the date of her death or the time of her re-marriage. In the event of the death of Helen S. Friedstein, the daughter, prior to the time of distribution, her share went to her son. In case of the death of both remaindermen before the period of distribution the entire trust estate went to the minor. The period of distribution of the trust estate was definitely fixed by the will. There could be no distribution prior to the time fixed. There was no provision in the will for distribution of either the *corpus* of the estate or the income therefrom to the remaindermen prior to the time specified in the will. It is impossible to determine prior to the time of distribution who will be entitled to the remainder of the trust estate. Under the provisions of the will and the facts in evidence the remaindermen were not entitled to the income from the trust estate prior to the death of the widow or the time of her re-marriage.

The decree of the circuit court was erroneous. It will be reversed and the cause remanded, with directions to enter a decree in accord with the views herein expressed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*