(No. 25471.—

IDA M. DANZ *vs.* ALBERT·J. DANZ *et al.* Appellees.—(MAR-
GARET KATHRYN WILLIAMS, Appellant.)

*Opinion filed April 17, 1940.*

HERRICK, VETTE & PEREGRINE, for appellant.

DANIEL J. LAMONT, (FRANCIS M. LOWES, of counsel,) pro se, appellee, as guardian *ad litem* and trustee.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

A decree entered by the circuit court of Cook county construed the last will and testament of Charles A. Danz and ordered partition of his real estate. Margaret Kathryn Williams, a niece of the testator, prosecutes a direct appeal to this court, a freehold being involved.

Charles A. Danz, a resident of Cook county, died testate on October 18, 1937. He left surviving, Ida M. Danz, his widow, Albert J. Danz, a brother, and Margaret Kathryn Williams, the only child of his deceased brother, John Danz, as his only heirs-at-law. The only son of Albert J. Danz

484

is Edward J. Danz, who has nine minor children. Margaret Kathryn Williams has no children. On October 26, 1937, Danz's will was proved and admitted to probate by the probate court of Cook county and his widow qualified as executrix. She thereafter renounced the will and elected to take her statutory share, being one-half of all the real and personal estate, the decedent having left no issue. The will devised a life estate to the widow, and upon her death or remarriage the remainder to Edward J. Danz and Margaret Kathryn Williams, but in the event of the death of either of them before the death or remarriage of the widow, the property remaining to become vested in their heirs; and in the event of the death of Margaret Kathryn Williams without issue surviving, her share to go equally to Albert J. Danz and Edward J. Danz, or their heirs.

The plaintiff, Ida M. Danz, individually and as executrix, filed her complaint in the circuit court of Cook county, asking for partition of the real estate, and for the appointment of a trustee to hold the balance of the estate until the time for distribution. All parties in interest were made defendants. Daniel J. Lamont was appointed as guardian *ad litem* to protect the interests of the minor children of Edward J. Danz, and trustee for future interests. In her answer, Margaret Kathryn Williams averred that the remainder to herself and Edward J. Danz had been accelerated and vested absolutely by the renunciation of the decedent's widow, and in her counter-claim reasserted this and prayed for construction of the will. Defendants to the counter-claim, in addition to the plaintiff, were the other defendants and Lamont. In answer to the counter-claim, the plaintiff disclaimed any interest in the question of acceleration, which the remaining defendants, except Lamont, admitted had occurred. Lamont, in his answer, asserted that the vesting and distribution of the remainder must await the death or remarriage of the widow and asked appointment of a trustee to hold the property.

The decree, entered over exceptions by Margaret Kathryn Williams to the master's report, dismissed the counterclaim. The remainder was held to be contingent, and, according to the testator's intention, not to vest until the death or remarriage of his widow. In addition, the decree provided for partition, which question is not here in issue, and appointed Lamont, as trustee, to hold and manage the part of the property not taken by the widow.

To obtain a reversal of the decree the appellant, Margaret Kathryn Williams, contends that the remainder was vested, and that renunciation by the widow accelerated it into an estate absolute. Lamont, the only party appellee who has filed a brief, will hereafter be referred to as the appellee. He urges that the expressed intention of the testator, in naming the time for distribution, cannot be defeated and that the remainder, being a base fee subject to being divested, cannot be accelerated to defeat the executory devises.

The section of the will of Charles A. Danz in controversy follows: "I hereby give, devise and bequeath unto my beloved wife, Ida M. Danz, all of my estate, real and personal, of which I shall die possessed, or in which I shall have any interest, legal or equitable, at the time of my death, to be held by her during her lifetime and while and so long as she remains unmarried and for such purpose I do give, devise and bequeath unto my said wife Ida M. Danz all of my estate; and she shall have full power to sell or otherwise dispose of the same at public or private sale, at such time and on such terms and in such manner as to her shall seem best and for such price as she shall see fit and also lease the same upon such time and terms as she shall think proper; and during her life, so long as she remains unmarried, she shall remain in the possession and receipt of the rents and profits, interest and income of the said premises and shall apply the whole or such portion as she shall think fit, for or towards her own maintenance and

support, or in the improvement and embellishment of said property, or invest the surplus, if any, in any way she thinks best. Upon the death of my wife, or in the event of her marrying again, then all of said property hereinbefore bequeathed to her shall be vested in my nephew Edward J. Danz and my niece Margaret Kathryn Williams, share and share alike, and in the event of the death of my said nephew Edward J. Danz, or in the event of the death of said Margaret Kathryn Williams, prior to the death or remarriage of my wife, then upon her death or remarriage one-half of the said property remaining shall be vested in the heirs of my said nephew Edward J. Danz and the surviving child or children of Margaret Kathryn Williams, and in the event of the death of said Margaret Kathryn Williams without leaving any children born to her as her survivor or survivors then the share so bequeathed to her shall descend in equal parts to my brother Albert J. Danz or in the event of his death to his heirs, and to my said nephew Edward J. Danz or in the event of his death to his heirs."

The first question to be determined is whether the remainder to appellant and Edward J. Danz is vested or contingent. A remainder has been held to be vested when the right to present or future enjoyment is given to named or otherwise determinate persons ready to take possession at any time, and the postponement of their estate is not for reasons personal to them. (*Jones* v. *Miller,* 283 Ill. 348; *Northern Trust Co.* v. *Wheaton,* 249 id. 606.) A further differentiation, frequently applied by this court, is found in Gray's Rule Against Perpetuities, section 108: "Whether a remainder is vested or contingent depends upon the language employed. If the conditional element is incorporated into the description of, or into the gift to the remaindermen, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested. Thus, on a devise to A for life, re-

mainder to his children, but if any child dies in the lifetime of A his share to go to those who survive, the share of each child is vested, subject to be divested by its death. But on a devise to A for life, remainder to such of his children as survive him, the remainder is contingent." *Riddle* v. *Killian,* 366 Ill. 294; *Sherman* v. *Flack,* 283 id. 457; *Smith* v. *Chester,* 272 id. 428; *Lachenmyer* v. *Gehlbach,* 266 id. 11.

The remainder described in the will of Charles A. Danz is in named persons, the niece and nephew of the testator, ready to take possession at any time. The postponement of their enjoyment is for reasons personal to the widow, not to the niece or nephew. The conditional element, survival by the remaindermen, was not incorporated into the description of, nor into the gift to the remaindermen, but was subsequently inserted as a clause divesting the estate. The remainder was clearly vested with a right to future enjoyment, subject to being divested upon the named contingency.

The next question to be considered is whether the renunciation by the widow of her right under the will accelerated the remainder, so that the remaindermen became entitled to the present enjoyment of their estate. Acceleration proceeds upon the basis that the time for distribution, to be determined solely from the intention of the testator as expressed or implied in the will, has arrived. (*Blatchford* v. *Newberry,* 99 Ill. 11.) The condition upon which the remainder is to take effect may be expressed as the decease or remarriage of the life tenant; but it will be construed to mean any event which removes the life estate, if such intention is expressed in or to be inferred from a reading of the entire will. (*Northern Trust Co.* v. *Wheaton, supra; Slocum* v. *Hagaman,* 176 Ill. 533; *Blatchford* v. *Newberry, supra.*) This is not an arbitrary doctrine, but is founded on the presumed intention of the testator that the remainderman should take on the failure of the previous estate, notwithstanding the prior donee may still be alive. (*Fowler* v. *Samuel,* 257 Ill. 30; *Northern Trust Co.*

v. *Wheaton, supra.*) If, on the other hand, the remainder is contingent upon the devisee surviving the life tenant, the devisee must literally survive the person named as life tenant, and not merely survive the life estate. (*Hasemeier v. Welke,* 309 Ill. 460.) Postponement of the remainder only in order to give the life tenant a life estate discloses an intention that it take effect upon removal of the life estate in any manner, and the remainder will be accelerated. *Fowler* v. *Samuel, supra; Slocum* v. *Hagaman, supra.*

In the disposing section of the will, the testator gave his wife an estate to be held by her during her "lifetime and while and so long as she remains unmarried," and emphasized that it was devised "for such purpose." He further stated that "during her life, so long as she remains unmarried," she should remain in possession. Clearly to be deduced is the testator's wish that his wife have the estate so long as she might need it. This intention is further signified by the testator's direction that his wife should apply the proceeds from the property, or such portion as she might think fit, "for or towards her own maintenance and support." From his reiteration of the words "until her death, so long as she remains unmarried," in defining the life estate, it may be surmised that the testator had the same intention when he employed similar language to describe the time for the remainder to take effect. So long as Ida M. Danz might require support and maintenance obtainable from the estate, she should have it; but should she die, or remarry, in which event she presumably would receive support from her new relationship, her estate would cease and the remainder would take effect. No provision in the will, by trust arrangement or otherwise, defers the vesting of the remainder beyond the cessation of the wife's necessity for her life estate. Preservation of the estate for his wife was uppermost in the mind of the testator. Therefore, when, because of her renunciation, Ida M. Danz no longer requires the support and maintenance provided in

the will, it is not necessary to postpone the remainder until the expiration of her life. *Slocum* v. *Hagaman, supra.*

The final question to be considered, is whether the remainder is prevented from being accelerated because of the executory devise over, which is limited to take effect in the event either remainderman should die before the time for distribution. Executory devises, being so limited that they would not have been permitted under the common law, were allowed as legal estates after the passage of the Statute of Wills, in order to prevent their defeat by the holder of the prior interest. (19 Am. Jur. (Estates) sec. 101.) They are indestructible in the sense that the remainderman cannot destroy, nor create any charge against the executory interest. (*Smith* v. *Shepard,* 370 Ill. 491; *Warrington* v. *Chester,* 294 id. 524; *Lachenmyer* v. *Gehlbach, supra; Williams* v. *Elliott,* 246 Ill. 548.) On the other hand, the remainder, or base fee, if vested, has all the attributes of a fee simple, subject only to its defeat on the happening of the contingency. (*Warrington* v. *Chester, supra.*) The executory devise is destructible by arrival of the period for distribution, for if the time for division is reached before the happening of the contingency upon which the remainder is to be divested, the executory devise is defeated. (*Blackstone* v. *Althouse,* 278 Ill. 481.) When the intention of the testator is that the remainderman must survive the life tenant, as shown by his description of the remainderman, or by his creation of an active trust to continue during the life of the life tenant, the time for distribution has not arrived at the termination of the life estate, and acceleration is prevented. (*Foreman Savings Bank* v. *Seelenfreund,* 329 Ill. 546; *Hasemeier* v. *Welke, supra.*) But if the intention of the testator is that the remainder be postponed only until the termination of the life estate, then the time for distribution has arrived upon renunciation by the widow, and whatever may have been the contingency previously, it no longer exists, but the remainder vests abso-

lutely. (*Sherman* v. *Flack, supra.*) According to the intention of Charles A. Danz the period for distribution, to be determined by the termination of the widow's need for the estate, has arrived because of the widow's renunciation; the contingency of the death of the remaindermen prior to the time for division no longer exists, and the remainder vests absolutely.

The decree of the circuit court of Cook county is reversed and the cause is remanded to that court for further proceedings in accordance with this opinion.

*Reversed and remanded, with directions.*