(No. 14176.—Decree affirmed.)

JOHN H. BOYE, JR., Exr. *et al.* Plaintiffs in Error, *vs.*
WALTER F. BOYE *et al.* Defendants in Error.

*Opinion filed December 22, 1921.*

1. WILLS—*when remainder after a life estate is a base or determinable fee.* A residuary devise to the testator's wife for life, with directions to the executor to convert all the property into cash at the wife's death and distribute it to the testator's children in equal parts, and providing that in the event any child or children "shall be dead at that time, leaving child or children, * * * such child or children shall take" the parent's portion, creates a base or determinable fee in the children terminable upon the death of any child during the life of the life tenant, as the condition annexed to the interest of the children is not precedent but operates to divest the estate granted.

2. SAME—*distinction between a contingent remainder and base fee.* A fee in remainder which is subject to be divested by the death of the person seized prior to the death of the life tenant is distinguished from a remainder contingent upon the remainder-man surviving the life tenant by the fact that the base fee has all the attributes of a fee simple, except that it is subject to be defeated by the happening of the condition, and may be possessed, incumbered, sold and conveyed in the same manner as a fee simple, and the executory interest created by the happening of the condition which terminates such estate cannot be defeated.

3. SAME—*when payment of income to remainder-man cannot be made until after death of life tenant.* Where a testator devises "all the rest and residue" of his property to his wife for life with directions to the executor to convert the property into cash at the wife's death and distribute it to his children, the child or children of any deceased child to take the parent's share, a provision that the share of a grandson (the child of a deceased daughter) shall be held by the executor and the income, only, paid to him, together with such portion of the principal as may be needed for his care and education until he reaches the age of twenty-eight years, authorizes the payment of such income only after the death of the life tenant.

WRIT OF ERROR to the Circuit Court of Fayette county; the Hon. THOMAS M. JETT, Judge, presiding.

MATHENY & WELKER, and NOLEMAN, SMITH & DALL-STREAM, for plaintiffs in error.

ALBERT, WEBB & ALBERT, OLEN R. CLEMENTS, and FRED A. MEYERS, guardian *ad litem,* for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The will of John H. Boye, who died on April 5, 1915, was admitted to probate. After providing for the payment of his debts and funeral expenses it directed in the second, fifth, sixth and seventh paragraphs as follows:

*"Second*—I give and devise and bequeath to my wife, Johanna Boye, all the rest and residue of my property, of every kind and character and wherever situate, real, personal and mixed, to be used by her, or so much of it as she may desire or need, so long as she lives. It being my desire that my executor hereinafter named shall rent the real estate and keep any moneys that I may have, loaned at interest, and pay to my said wife from the rents received from real estate, the interest on money loaned, and any other income that may come into his hands as such executor, all or so much of it as she may need to support her so long as she may live.

*"Fifth*—At the death of my wife I hereby direct my executor hereinafter appointed, within a reasonable time to sell any real estate that may not be at that time disposed of and convert the same into cash.

*"Sixth*—At the death of my wife I hereby give and bequeath all of my property to my children, share and share alike, and hereby direct my executor to divide any property among my children within a reasonable time, share and share alike, and hereby direct that in the event any of my child or children shall be dead at that time, leaving child or children, then I direct that such child or children shall take its or their parent's portion.

"*Seventh*—I hereby direct that that portion of my estate that under this will will go to my grandson, Walter Landeck, the only child of my deceased daughter, Tillie Landeck, shall be held by my executor and the income from said estate, only, be paid to my said grandson. I further direct that in the event that my said grandson should need a portion of the principal to care for and educate him in a proper manner, that my executor is hereby authorized to pay to my said grandson such portion of the principal as my executor in his judgment deems to be wise and proper. I further direct that my said executor shall hold that portion of my estate going to said grandson until my said grandson arrives at the age of twenty-eight years, and I further direct that in the event my said grandson dies without leaving a child or children before arriving at the age of twenty-eight years, that that portion of my estate that will go to my grandson under and by direction of said will revert to and become the property of my estate."

The third and fourth paragraphs conferred authority upon the executor in the management and control of the estate during the life of the wife and the payment of the income to her. Letters testamentary were issued to the testator's son, John H. Boye, Jr., who was nominated executor. Besides his widow the testator was survived by three sons, two daughters, and the grandchild, Walter Landeck, named in the will. Walter F. Boye, a son of the testator, filed a bill praying for the construction of the will. It was answered and after a hearing a decree was entered. The executor, the widow and three of the testator's children sued out a writ of error to reverse the decree, and Walter Landeck, who is a minor, by his guardian *ad litem*, has assigned cross-error.

The only question raised by the plaintiffs in error is whether the gift of the proceeds of the estate by the sixth paragraph of the will to the testator's children conveyed a vested or contingent interest. The gift differs in no ma-

terial respect from those involved in the cases of *Lachen-myer* v. *Gehlbach,* 266 Ill. 11, *Warrington* v. *Chester,* 294 id. 524, and *Calvert* v. *Calvert,* 297 id. 22. In all those cases the estate devised was held to be a base fee terminable upon the death of the devisee in the life of the life tenant, and the decision must be the same in this case.

Counsel for the plaintiffs in error argue that a fee in remainder subject to be divested by the death of the person seized prior to the death of the life tenant is not for any practical purpose to be distinguished from a remainder contingent upon the remainder-man surviving the life tenant. This statement is incorrect, for such a fee has all the attributes of a fee simple, except that it is subject to be defeated by the happening of the condition. The estate may be possessed, incumbered, sold and conveyed in the same manner as a fee simple, but the executory interest created by the happening of the condition which terminates such estate cannot be defeated.

The distinction between vested and contingent remainders has been frequently considered by the court and in the case of *Lachenmyer* v. *Gehlbach, supra,* was discussed at some length. Among other tests was mentioned that in Professor Gray's Rule Against Perpetuities, sec. 108: "If the conditional element is incorporated into the description of or into the gift to the remainder-man then the remainder is contingent, but if after words giving a vested interest a clause is added divesting it the remainder is vested. Thus, on a devise to A for life, remainder to his children, but if any child dies in the lifetime of A his share to go to those who survive, the share of each child is vested, subject to be divested by its death; but on a devise to A for life, remainder to such of his children as survive him, the remainder is contingent." The rule was applied in that case and it was determined that the remainder was vested in the children of the testator. Its application in this case produces the same result. The gift to the children of the tes-

tator is not conditional in form. No condition is incorporated into or is inherent in the gift. The language by which the gift is made is absolute, and the condition afterward added is not precedent but operates to divest the estate granted. The circuit court decreed rightly that the interests of the children were vested.

In regard to the discretion given by the seventh paragraph of the will to the executor to advance a portion of the principal of his share to Walter Landeck if it should be needed to care for and educate him in a proper manner, the court decreed that the share of Walter was a vested interest subject to certain conditions, and that the executor was authorized to pay to him before he reached the age of twenty-eight years, after the death of Johanna Boye, the widow, such portion of the principal as he should need to care for and educate him in a proper manner and as the executor should deem to be wise and proper. The guardian *ad litem* has assigned error on this portion of the decree, and has filed a brief in which he contends that the executor should be authorized to make advancements to the grandson during the lifetime of the widow. Under the sixth paragraph of the will the grandson, Walter Landeck, was vested with the interest which would have vested in his mother had she survived the testator. By the seventh paragraph the testator qualified this interest by directing that it should not be paid to Walter until he arrived at the age of twenty-eight years and until that time should be held by the executor, who should pay the income, only, to the grandson. This payment of the income could be given only after the death of the widow, because during her life no provision was made for the use of any part of the income except for her support. The will directed no distribution of the property until her death. There could be no possession of any share until that time, and, of course, no income could be paid over from any share. The principal of the grandson's interest was only the proceeds derived from the con-

version of the testator's estate into money after the death of his widow. No possession of it could be given until that time.

The decree will be affirmed.

*Decree affirmed.*