(No. 19199.—

CHARLES J. WILLS *et al.* Appellants, *vs.* JAMES A. SOUTH-
WELL *et al.* Appellees.

*Opinion filed April 20, 1929.*

MATHENY & WELKER, and BROWN & BURNSIDE, for appellants.

FRED A. MEYERS, guardian *ad litem,* for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a bill in the circuit court of Fayette county to construe the last will and testament of J. G. Wills. He died on the 29th of August, 1926, leaving no widow surviving him but leaving two sons and two daughters: Charles J. Wills, twenty-seven years of age and unmarried; Walter W. Wills, twenty-three years of age, unmarried at the time of making the will but who had married prior to the hearing on the bill herein; Ruby Southwell, twenty-five years of age, married, and having three children of the ages of five, three and two years, respectively; and Sarah Elizabeth Wills, seventeen years of age, unmarried. Wills was possessed, at the time of his death, of real and personal property of a value of between $80,000 and $90,000. He was an attorney at law, living in Vandalia. By reason of the

unusual features of his will it is necessary to a discussion of the questions raised on it that the greater part thereof be set out herein. This will is as follows:

"Believing it will be to the welfare and happiness of those nearest and dearest to me, and that everyone owes it as a duty to society, not only to earn a livelihood while he is in his prime, but to accumulate something for old age and emergencies, I, J G. Wills, of Vandalia, Fayette county, Illinois, make and publish, subject to all superior statutory provisions, this, my last will and testament.

"1st. I hereby create a first lien upon my real estate, modified by section 9 herein, to permit substitutions, for the support of my brother, Simon P. Wills, and his burial in our family lot, just south of my father and mother, with markers similar to theirs, but direct payment primarily out of any funds available.

"2nd. Subject to the foregoing, I make a similar provision for the equalized education, in any line, of such of my children, each to the age of thirty years, as shall desire to enjoy this provision without any charge whatsoever, their accounts to be based upon the total educational ledger account of Charles J. Wills.

"3rd. I desire that my children and their issue shall earn their living, each until the age of forty years, and that any debts against them shall be collected, together with six per cent compound interest; but, to provide for emergencies, I direct that equal accounts of the net income of my estate, after payment of taxes, special assessments, repairs and other necessary expenses to preserve the *corpus* of the estate, shall be opened corresponding to the number of children living or represented by issue. In case of necessity only, such sums may be loaned for one year to any child or grandchild, out of the corresponding account, from the net income of the preceding year, as shall be recommended in writing by my children not interested, readily accessible, *compos mentis,* and over twenty-one years old, otherwise in the sound discretion of my executor, toward personal medical and surgical attention, support in case of physical or mental incapacity, temporary or permanent, laziness and shiftlessness excluded, and in aid of grandchildren until thirty years old, unless division be made sooner, for education only when away from home; but failure in an honest effort at re-payment shall bar further loans.

"4th. It is my wish that all my estate shall eventually be divided equally among my children by representation, and hope it may be soon after the youngest reaches forty years of age. But it is desirable that there should first be some assurance that they will be competent to take care of it. Accordingly, each of my children may receive his or her portion on arriving at forty years of age, or any time thereafter, only provided it shall first be clearly proved

to the court that he or she is entirely out of debt, including anything owing to my estate, and is well worth one thousand dollars from earnings (and not from gift or inheritance), above household goods, and tools and instruments of trade; and, in such an accounting, the possession or ownership in the family of an automotive vehicle shall be considered, not an asset, but a liability of one thousand dollars, and continuing for one year after disposing of it. In case of a daughter living with her husband, he and she shall be considered as one in reference to debts and accumulated earnings, but if single or living apart from her husband, savings from income hereinafter provided for may be considered as earnings, qualification to continue one year before distribution.

"Such portion shall be set off by three disinterested appraisers appointed by the court, resorting to sale for this purpose under section 9 only to prevent absolute injustice; but title shall not pass until their report is finally approved in his or her lifetime.

"The portion and its net income intended for any child dying without living issue before or after any such allotment to other children, shall be subject to all the provisions of this section in its distribution, all titles to remain in the estate until confirmed distribution.

"5th. Each of my children not vested in his or her share under section 4, after forty years of age shall receive, free from claims of outside parties or any under section 3, from garnishment and levy until paid in hand, the net income of his or her intended portion for the preceding year, as shown by the executor's report, in equal monthly installments for life, or until he or she is awarded the portion under section 4. But until the confirmation of such award the rights of my grandchildren under section 3 shall be equitably adjusted with that of parent under this section.

"6th. In the event of any child dying before receiving his or her portion, leaving living issue, the corresponding portion shall be subject to section 3, until my youngest grandchild of that issue reaches twenty-one years of age, and then continue until the last of my children shall qualify under section 4, or die, when that share shall, with adjustment of any indebtedness to my estate as a charge, be equally divided among them, as in section 4, by representation, it being my intention throughout this will that all distributions shall be made by representation, and not *per stirpes;* and such grandchildren, if orphans, in the meantime shall succeed to such rights in income in section 5 as the parent would have if living.

"7th. In the event of all my children dying without living issue, any of my estate left undistributed shall go to my next of kin.

"8th. Special assessments and improvements necessitated by exigencies, and all other unforeseen charges, shall be paid out of income and other personal estate, if sufficient, and any balance by borrowing, to be re-paid out of net income, to the derogation of sections 3 and 5, or by sale of real estate as a last resort.

"9th. When deemed advisable, sales of real estate may be made by all parties then interested, *compos mentis,* and twenty-one years of age, joining in the deeds, otherwise by my executor and their next of kin like qualified.

"10th. Purchases of real estate may be made, title to be taken in the name of my executor in trust for my estate, on advice filed in like manner, as well as sales of personal property in settlement of my estate or, for other purposes; but purchases for the preservation of the estate may be made at the discretion of my executor. Improvements beyond section 8 may be made upon like written advice, when deemed expedient, it being my intention to make the estate 'a going concern,' like it has been in my lifetime, but with reasonable safeguards.

"11th. Books of account shall be open for inspection by parties interested and near relatives of minors at all reasonable times."

The twelfth clause of the will provided for the investment of the funds to be accumulated. The thirteenth clause provided for the appointment of an executor and trustees.

The will was admitted to probate in the county court of Fayette county. Walter W. Wills was appointed executor. The bill to construe the will was filed by the four children in their own right and by Walter W. Wills as executor. A guardian *ad litem* was appointed for all minor defendants and defendants under disability. It was alleged in the bill that the will violates the rule against perpetuities as to all devises and bequests, and that the provision for accumulation of the income from the property is in violation of the statute governing the limitation of accumulation of rents and profits. The circuit court found in its decree that the will does not violate the rule against perpetuities in any particular, and that the provision for the accumulation of income, rents and profits is valid as to all beneficiaries, but that as to the minor beneficiary, Sarah E. Wills, such provision would terminate upon her obtaining her majority. The four children have appealed.

It is contended by appellants that the will is inoperative and void for the reason that it violates the rule against perpetuities; that the conditions imposed upon the enjoyment of the devise or bequest by each of the four children are impossible of performance; that the accumulation of income is in violation of the statute, and that the condition of the fourth clause, applicable only to the two daughters, is against public policy, for the reason that it tends to bring about the separation of husband and wife; and that under these facts the whole scheme of the testator is destroyed and the will is therefore void and the entire estate passes as intestate property.

We will consider first the provision of the third clause for accumulation of rents and profits.

The act entitled, "An act to restrain all trusts and directions in deeds or wills whereby the profits or produce of real or personal estate shall be accumulated and the beneficial enjoyment thereof postponed beyond the time therein limited," approved May 24, 1907, (Cahill's Stat. 1927, p. 70,) provides, in effect, that no person shall by deed or will settle or dispose of any real or personal property in such a manner that the rents, issues, profits or produce thereof shall wholly or partially accumulate for a longer term than the life or lives of any such grantor or grantors, settlor or settlors, or for any longer than the term of twenty-one years from the death of such grantor, settlor or testator, or for any longer time than during the minority of any person or persons who shall be living or *in ventre sa mere* at the time of the death of such grantor or testator, or for any longer than during the minority of any person who, under the uses or trusts of the deed or will directing such accumulations, would, if of full age, be entitled to such rents and profits. "And in every case where any accumulation shall be directed otherwise than as aforesaid, such direction shall be null and void, and the rents, issues, profits and produce of such property so directed to

be accumulated shall, so long as the same shall be directed to be accumulated contrary to the provisions of this act, go to and be received by such person or persons as would have been entitled thereto if such accumulation had not been directed." Sarah Elizabeth being of the age of seventeen years at the time of the death of the testator, is under this statute entitled to the income of her share of the testator's property on arriving at legal age, and the provisions for accumulation as to her are void beyond that time. The son Charles was twenty-seven years of age at the time of the death of the testator, and if, under clause 4, he qualifies for distribution of his share at the age of forty, the accumulation will be for a period of thirteen years as to him. If he does not qualify, however, the after-accruing income is by clause 5 of the will to be paid to him during the remainder of his life or until he does so qualify. The daughter Ruby is twenty-five and the son Walter twenty-three years of age. It is not possible, under clause 4, to accumulate the income on the shares of the three adult children for a period of more than twenty-one years, for the youngest will become forty years of age in seventeen years, and if he does not qualify under clause 4 he will by clause 5 receive the thereafter accruing income on his share. The testator may choose any of the periods of accumulation authorized by statute but he may not cumulate them. Perry on Trusts, (5th ed.) sec. 395.

By the sixth clause of the will, in event any child dies before receiving his or her portion, leaving issue, such portion shall be subject to the conditions of clause 3, relating to accumulations, until the testator's youngest grandchild of that issue reaches the age of twenty-one years, and thereafter until the last of the testator's children shall qualify under clause 4 or shall die. It is therefore seen that the accumulations on the gift to such grandchild not only might exceed the period allowed under the statute for accumulations, but by section 6 there is provided a period of ac-

cumulation different from that applying to the shares of the adult children. It is evident from the various terms of the will that the scheme of the testator as to accumulations was to treat alike all of his children and the children of a deceased child. It appears, therefore, that had he considered that these accumulations would as to the share of the daughter Sarah Elizabeth, and might as to the adult children and the issue of a deceased child, be held invalid, at least in part, as in contravention of the statute, he would not have made such provisions for accumulation of the income from the shares devised. Such invalidity destroys the scheme of the will as to accumulations, and we are of the opinion, therefore, that the provisions of the will as to accumulations is invalid and not appplicable. This includes such provisions in clauses 3 and 4.

It is also contended that the provisions of clause 4 and clause 6 violate the rule against perpetuities; that this is true of the former clause by reason of the provision that the estate shall not vest in his children until they have arrived at the age of forty years and have met the conditions set out in that clause, and the portion of such child is set off by appraisers appointed by the court under the provision of that clause that "title shall not pass until their [appraisers] report is finally approved in his or her [child's] lifetime," and that such conditions are precedent to the vesting of the fee to the property. The vesting of an interest devised by will does not depend upon a right to the immediate possession of it, but where the interest is fixed it may become vested though there be no right of present enjoyment. (*Boye* v. *Boye,* 300 Ill. 508; *Warrington* v. *Chester,* 294 id. 524; *Pearson* v. *Hanson,* 230 id. 610.) Vested interests are not subject to the rule against perpetuities, and the postponement of enjoyment or possession does not bring such interest within the rule. *Carlberg* v. *State Savings Bank,* 312 Ill. 181; *Brown* v. *Brown,* 247 id. 528; *Madison* v. *Larmon,* 170 id. 65.

By clause 4 it is provided that the estate shall be equally divided among the testator's children on conditions therein specified. In that clause the hope is expressed that it may be soon after the youngest reaches the age of forty years. The conditions there imposed are, that when each child shall arrive at the age of forty years or at any time thereafter, and when such child has shown that it is and has been for one year worth $1000 under the conditions there set out, the portion of such child shall be set off to it. It is provided by the fifth clause that if the child reaches forty years of age and is not entitled to have its share set off to it, it shall receive the income of that share for life or until such share is set off under clause 4. By clause 4 it is also provided that in case any child die without living issue before the portion is set off to it, such portion is made subject to the provisions of that clause as to distribution. By clause 7 it is provided that in event all the testator's children die without living issue, any of the testator's estate left undistributed is to go to his next of kin. Clause 4 also provides that the title to any portion of any child shall not pass until set off by appraisers and the appraisers' report is finally approved in the lifetime of such child. By this language the testator appears to have intended that the fee should remain in the estate until such time as the child has qualified under clause 4 to receive it. If that qualification does not take place at forty, the child becomes entitled to the income for the preceding year from that time for life or until such child does qualify. If it does not qualify and the appraisers' report setting off the portion of the estate of the child to it is not confirmed during the lifetime of such child, then, if that child die without living issue, the share is made subject to the provisions of clause 4, "titles to remain in the estate until confirmed distribution," and subject also to clause 7. If the child dies leaving issue, then by clause 6 the property is to remain in the estate and the income to accumulate in accordance with the provisions of

clause 3 until such child has become twenty-one years of age and until the last child of the testator has qualified under clause 4 or dies, when that share shall, with adjustments to the testator's estate, be equally divided among such grandchildren, "as in section 4, by representation." Clause 3 having been herein declared inoperative, it would appear from the remaining language of clause 6 that the testator intended that the distribution to a grandchild should not in any event occur before the last of his own children shall have qualified or died and the youngest grandchild of that issue shall have become twenty-one years of age; or, otherwise stated, that the distribution to such grandchildren should take place when the youngest of such grandchildren arrives at the age of twenty-one years, provided the last of the testator's children had qualified or died, and if such had not taken place when said grandchild arrives at the age of twenty-one years, then distribution shall take place when the last of testator's children qualifies or dies. The provision for distribution "as in section 4, by representation," relates to the manner and not the time of distribution. By this construction the vesting of the estate in such grandchildren is not postponed beyond a life or lives in being and twenty-one years thereafter and does not violate the rule against perpetuities. It is argued that the terms "grandchildren" and "issue" apply to any issue, either of the testator's children or of the children of the latter or the direct descendants of the latter, and, so construed, the estate might not vest within the limit of the rule against perpetuities. We are of the opinion, however, from the context of the will, that the testator used the words "grandchildren" and "issue" to mean the children of his children. Clauses 4 and 6 do not violate the rule against perpetuities.

The will therefore vests in the children of the testator, subject to the lien created by the first clause for the benefit of the testator's brother, Simon, a life estate, with possession and enjoyment, on named conditions, after reaching

forty years of age, with remainder in their children sur-
viving them, and if a child die leaving no child surviv-
ing him, the fee to be distributed, under clause 4, to the
brothers and sisters of such deceased child or the surviving
issue of such brothers or sisters, if there be such, and if
there be neither brothers nor sisters nor surviving issue of
such brothers or sisters, then, under clause 7, it is to go to
the testator's next of kin. This life estate is subject to be
converted into a fee by complying with the conditions of
clause 4. Those are conditions precedent to the vesting of
the fee. By the express language of the will the title is to
remain in the estate until confirmation of distribution.

It is argued that the fee in this case must be considered
vested because by clause 9 power is given to sell portions
of the real estate. The will, so far as it relates to the sale
of real estate, contains the following provisions: In the
first clause the testator creates a first lien on his real estate
for the support of his brother Simon, "modified by sec-
tion 9 herein, to permit substitutions." By clause 9 it is
provided: "When deemed advisable, sales of real estate
may be made by all parties then interested, *compos mentis*,
and twenty-one years of age, joining in the deeds, other-
wise by my executor and their next of kin like qualified."
By the tenth clause of the will the testator states it to be
his intention "to make the estate 'a going concern,' like it
has been in my lifetime, but with reasonable safeguards."
These and other provisions of the will indicate the purpose
of the testator to provide for the sale of real estate only
by way of substitution or for the benefit of the estate. The
language of clause 9, "when deemed advisable," must be
construed in accordance with that purpose. When such a
purpose renders sale of the real estate advisable, then by
clause 9 such sale may be made by all of the parties inter-
ested if they are *compos mentis* and twenty-one years of
age, otherwise by the executor and next of kin of those
interested who are likewise *compos mentis* and twenty-one

years of age. This is a provision for the benefit of the estate, permitting the conversion of real estate into personal property, and in nowise indicates an intention on the part of the testator to give a present vested interest therein to the beneficiaries of the will.

The decree appointed a trustee for the purpose of carrying out the provisions of the will. This was proper.

For the reasons herein given the decree of the circuit court is reversed and the cause is remanded, with directions to enter a decree in accordance with the views herein expressed. *Reversed and remanded, with directions.*