Judge Owsley
delivered the Opinion of the Court.
This writ of error is brought to reverse a judgment recovered by Miller, in an action of detinue brought against him by the heirs of Thomas Gale deceased for two slates Isabel and Ben.
After the death of Gale, his widow renounced the provision made for her, by bis will, and in the mode prescribed by law, lite slaves in question, together with othets, were assigned to her and received into her poPKCh-ion, a* flu* part of the.-.lave*! of her deceased husband) to which by law jsit© was entitled, *417 Supposing that by a removal of.'part of the slaves assigned to the widow from the state, the right which she helo in tiie whole, were forfeited, ami that according to the report of' the act of the legislature of of this state upon that, subject, they became entitled to the slaves, the. heirs of Calc brought this action o* net nine against .Miller who amd.o the possession of fsab**j and , en
u=.¡..-ned niu. U'1"-t0 lhc widow a¡, ,i)BPa removed from the
(,¿’¡'1PYr',pi ’
Whoro sitúes ai’Yi?7hif drouet ihó ¡njc of t-.-.-eu1 '°’’1 >'carp ’ Y «¡k -rovummof dm will, and A-AoiAtAhcr aí dówer, if n. forfeiture in Umy et-.iiiec maintain , de tina e ^ 't}l0> 1Vj'íMh. age.
The trial was had on the general issue, avid after the evidence of both parties was through, on the mo-lion of Miller the court in nuhstauce im-.iruciiU! the. jury, that the heirs of Gale could not sustain their action, if they should be of opinion from the evidence that either of the heb’s was under twenty-one years <f age.
From the bill of exceptions taken to this opinion. the court seem to have supposed that by Use will of Gale, his children were not entitled to their rcspeclive interests in his estate, unís! Ihey arrived to the age of twenty one, and that although by a removal of part of the slaves from the stale, (he ric-htto '.he v.iioie dower may have, oren ¡orio,leo., no a-hion can be maintained by the heirs, until (hey ail arrive at the age of twenty-one. It is undoubtedly true, 4hat according to the import of the will of the testator, his children are not entitled to their portions of the estate until they respectively arrive at the age of twenty-one years. But it is equally clear that the will contains no.provision pointing out the interest which each of the testator’s children was to have in the estate; and that it was designed by tiie testator to leave the interest of each-child to he ascertained, by the law prescribing the rules for the descent and distribution of intestates estates; and that although the time when each child should receive his part of the estate is mentioned in the will, the intention of the testator in doing ho must have been to limit the provision which he had made for isis wife, to provide for whom appears to have been the main and principal object in mailing the will. Whatever mighty therefore, .have, hern the effect of the will upon any claim which might have been assorted by the heirs, if the widow had not renounced the provision 'made to her by the will, we are unable to perceive how it is *418 possible ai’toi* renouncing that provision of the wi$, in an action like the present to preclude a recovery by the heirs until they shall have arrived to the age of > twenty-one years, if under the act upon that subject there has been a forfeiture of the widow’s right to the slaves held under the assignment of her dower.
XYhcthw the will be roijardoil as devise of tho f-Iavo io (bo iviJ'c anti] the urn turo a/;e of tho children, leaving (lio properly in he after (hut disinimIcd by law ot a ele rise to them at full ago, -vben the wi4ow has renounced and received lu-r dower — if she forfeit her ert>(o (ha children’s ¡right to (he possession at once accrue?.
¡'lave? in ipiRstion sold (icfcndnnt by (lie husband of (ho dow«ress and ;iftonvo rds he tlio husband removes another of tlio dower slaves out of the state.—
*418 If there is a forfeiture the act explicitly declares it shall he io tin* persons having the estate in reversion, and the heirs of Gale undoubtedly have that interest. The slaves to which the widow was entitled after renouncing the- provision made for her by (he will, were, S>> the directions of the act of the Legislature upon that subject, to be hpldcn by her during her life, and at her death to go to the persona to whom they would have passed and gone if she had never made such a renunciation. Whether \ve¿ therefore., construe tin.; will as containing a bequest, of tho slaves of the testator to his children as they might arrive to the. age of twenty-one, or consider it as containing nothing more than a provision for the testator’s wife, but pointing out the time when tho children should receive their proportions of the estate to which by operation of law they would be. entitled, it is equally evident that the plaintiffs in tho corrí; below, who are the children of the testator, hold (he reversionary interest in the slaves which were assigned to the widow as her dower, and that for any act which works a forfeiture of the dower-right, they inaysust:*:» an action to recover the slaves though neither of Urnm (ray have arrived at the age of twenty-one year."-. ‘The court below was therefore incorrect, in supposing that the infancy of either of the plaintiffs could have any influence upon then right of action, and that it consequently erred in hypothecating its instructions upon the opinion which the jury might entertain on the evidence as to the fact of infancy.
It moreover, from the. bill of exceptions, appears that evidence \vas introduced on the trial, conducing to shew that the widow of Gale after ihe assignment of her dower, intermarried with a certain Skinner, who afterwards sold tire slaves in question to the defendant Miller, and then removed and carricif, *419 with him from the state another of the slaves which bad been assigned to his wife, and held by him in right of her dower.
Motion for instruction that tiiis was a forfeiture of defendants slaves — overruled.
If the husband of the doweress remove or voluntarily i'(irinit to be removed, any of the slaves held in dower, the whole he holds are forfeited to the reversioner.
Bat the slaves sold before the act pf (fJ^rorfeHod0 andlostto' the nurchu.--01'
And (hat on the motion of the plaintiffs the court refused to instruct the jury that, if they believed from the evidence that Skinner the husband, after his marriage with the widow of the testator, Galo, had removed out of this commonwealth either of the slaves held by him, in right of his wife’s dower, without the assent of the persons having the reversionary interest, that it was a forfeiture to those in reversion of his interest in the dow.er slaves then holder., and those by him previously sold and transferee! to ihc defendant.
If by this application to the court it were designed to make the question whether or not all the interest which a husband holds in the dower slaves of Ids wife wi!i be forfeited by the husband removing any one of the slaves out of the commonwealth, wo should have no hesitation in answering in (be affirmative. It is not the slave that may be removed that is declared by the act, to be forfeited, b.ut if the husband shall remove, or voluntarily permit to be removed, out of this commonwealth, any of the slaves which lie may hold in right.of his wife’s dower, without the consent of him or her in reversion, the act declares, it shall be lawful for him or her in reversion, to enter into, possess and enjoy, not the slave removed only, but all the estate which such husband holdcth ir. right of his wife’s dower, for and during the life of the said husband.
But it is possible that by the application of the plaintiffs to the court for instructions it may have been designed to obtain the opinion of the court upon the question whether or not, after a sale of part of the dower slaves of the wife, that the right acquired by the purchaser under the sale is forfeited by the husband afterwards removing other of (he doxver slaves from the commonwealth without the consent: of the reversioner, if such wer.e the question intended to be propounded to the court its solution will be found to be perfectly obvious by adverting to the twenty-sisth section of the. act concerning last wills and tesfatainents contained in second *420 Digest L. K. 1247. By that section it will be seen that it is only the estate which the husband holds in right of Lis wife's dower, at the time any of the slave.'! are removed, ar d not (he estate which may lime been previously sold by him to others, that, the reversioner is authorized and permitted io enter into, possess and enjoy.
Y\m baser of 31,-ivc. in-id m í-ñnHivc'them v,'¡Ciout. (.¡io n,;iUl not teiVurilV^i¡loiftiioslave voiLio.fMi or víi till' .ta'to
i“jf! sniHiii nmliibj Lim; ■ ho romoviit of dower slnvos applies only to tiie ' widow Hcd iior husband.
There is one other question which in the progress of the trial in (liecouif below was made, and which should be noticed, it is, whether or no!, the eight a person who may have purchased from a huahand, slaves field by him in right of his wife, may he ^’Nested by the purchaser afterwords removing any of the. purchased slaves from tiie conmtoini'eutv,h. It will he admitted that a purchaser might be re... strictcd from removing from the coijimm/iucrJt.b any dower slave, with an nnich propriety a > might r¿>¡:jt a widow or any other person that she should m irry, but unless restrained bv Legislative enactment u is perfectly clear that a purchaser of a dower si r, c may'remove the slave fiom the conn? onwesdf.h without subjecting his right to forfeiture, ¿mi al’li-" examining the act of the legislature upon that subp-rt, we are utterly incapable of fincó',; any provision, whirli upon any fair principle of míeiprcialmn can. in our opinion, be. rom !raed- to hifin !iiy- iwiri iSmi upon the right of a p • ''••• to remove from the commonwealth, any sla e held <;y him in right of a widow’s dower.
The provisions of the art are. in express terras confined to the widow or her husband, and vve arc not at liberty, by construction, to enlarge the plainimport of the expressions of the act, so as to make it include'pnrrhasers under ihem. Indeed the very circumstance of the act mentioning a removal by the widow or her husband only, strongly implies an intention by the makers of tiie act not to interdict a removal of the slave:'-, by a bonafide purchaser iron: ihum. If if bad been intended hi impose a restriction upon purchaser!! as well as tiio widow and her husband, the Legislature after indicating by their enactment in the see item which relates to the hnshat-d, -their understanding that lie would not have been restrained from removing the. «¡ove;' s!a\es held *421 by him in right of his wife, by any thing contained in the previous section, which interdicts a removal by tlx* widow, would undoubtedly have either employeu loaguage of more comprehensive import than that ro ’aiiieil in the act, or by further enactment. weuid have provided for Use case oí a removal by purchasers.
Triplett for plaintiff; Talbot for defendant,
1 he jmigment must be reversed with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with tins'* opinion.