## Duff v. Hagins.

(Decided February 15, 1912.)

### Appeal from Breathitt Circuit Court.

1. Lands—Action for Trespass—Title—Possession.—In an action for
damages for trespass to land, while the evidence is conflicting,
giving to a judgment under which appellee claims to have ac-
quired possession the force to which its age entitles it, he has
established the better claim to the land.

2. Judgment—Collateral Attack—Direct Proceeding—A judgment
may not be collaterally attacked; the only way in which it may
be avoided is in a direct proceeding, brought for the purpose of
having it vacated.

McGUIRE & McGUIRE and O. H. POLLARD for appellant.

J. J. C. BACH and GRANNIS BACH for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Plaintiff sued in equity to enjoin defendant from tres-
passing upon a described tract of land lying on the wa-
ters of Quicksand Creek in Breathitt County, and to re-
cover $50.00 damages for trespasses theretofore com-
mitted. The statutory requirements as to bond, etc.,
having been complied with, a restraining order was is-
sued by the Circuit Court Clerk.

In due time defendant answered, and specifically de-
nied that plaintiff was the owner of the land described
in his petition, except a certain part thereof, and denied
that he had cut, or was threatening to cut, any timber
on the land owned by plaintiff. The answer further
pleaded and set up title in defendant to the land from
which the trees were cut, same being acquired in the
following manner: That in 1867 a suit was brought to
settle the estate of Daniel Hagins, and a sale of the
land in controversy was sought; whereupon William B.
Hagins, a son of Daniel, filed an answer and cross-peti-
tion against the other heirs of said Daniel Hagins, and
caused summons to be issued on said cross-petition, and

that summons was duly served upon plaintiff; that he made no defense to said suit, and upon final hearing in November, 1876, a judgment was entered awarding W. B. Hagins the land in controversy, and the court directed the commissioner to convey same to him, which was done; that said W. B. Hagins was then, and ever since has been, in possession of said land, either in person or through his agents and employees, and that in 1909 the said W. B. Hagins sold and by proper deed of general warranty conveyed the standing and growing timber on said land to defendant, and that, by virtue of said deed, he is now the owner of said timber, and that he cut no timber outside of his said purchase.

In an amended answer, defendant set out with some particularity the boundary of the land claimed by him.

Plaintiff, in the first paragraph of his reply, traversed the allegations of the answer as amended, and in the second paragraph pleaded his title at length, as follows: In 1877 one Alfred Back, who had formerly owned the land in controversy, brought suit against the administrator of Hiram Creech, deceased, to whom he had sold the land in controversy and other lands adjoining in Breathitt County, and he made W. B. Hagins, under whom defendant claims, a party, alleging that he was claiming some interest in the land, to enforce a purchase-money note for $150.00. There were other defendants to said action, but it is unnecessary to notice them. Summons issued for all the defendants. W. B. Hagins made no defense to said action, although duly summoned. In May, 1881, a judgment was rendered, directing the said land, or enough thereof, sold to satisfy plaintiff's debt, then amounting to $200, interest and costs. That thereafter he purchased said judgment of the plaintiff, paid off the debt and costs, and later procured an order of court in said suit directing the commissioner to convey said land to him; all of which was done; and by virtue of said judgment and proceeding he is the owner of said land and W. B. Hagins is barred and estopped from asserting claim or title thereto.

The rejoinder is in two paragraphs. The first is a traverse, and the second attacks the validity of the judgment set up in plaintiff's reply, on the ground that W. B. Hagins was not served with summons and had no notice of the proceedings. The allegations of the rejoinder are traversed in a sur-rejoinder. On the issue thus made

proof was taken, the case was heard before a special judge, who found in favor of plaintiff. The defendant appeals.

The land in controversy, or rather, the greater part thereof, is timber land, and has not been enclosed. The parties to this litigation are neighbors, and the land where the alleged trespass was committed lies between them. The evidence for the plaintiff shows that he has at times cut timber for rail and tie purposes from this land; and that for the defendant shows that he has tapped trees on it and occasionally opened up a sugar camp on at least a portion of it. The decided weight of the evidence is that it is within the boundary of land claimed by plaintiff under his deed, which he received by order of court in the suit of Alfred Back v. Hiram Creech, etc., and is the same land described in his petition. It appears that some two or three acres within this boundary had been fenced by defendant's vendor, and this the court adjudged to defendant. None of the trespasses complained of, however, were committed on defendant's side of this fence.

The judgment in the old suit by Alfred Bach against James Creech's Administrator is still in full force and effect, and it is insisted that its validity may not be assailed in a collateral proceeding in the way and manner in which defendant has sought to overthrow it. Unquestionably this is a collateral attack, for, as stated in 23 Cyc.,1062,"any proceeding which has an independent purpose and contemplates some other relief or result other than the overthrowing of the judgment, even though the overthrowing of the judgment may be necessary to accomplish this purpose," is, nevertheless, collateral.

This court has frequently held that a judgment may not be collaterally attacked; that the only way in which a judgment can be avoided is in a direct proceeding, brought for the purpose of having it vacated. Luckett v. Gwathmey, Littell's Selected Cases, 121; McIlvoy v. Speed, 4 Bibb, 85; Sorrel v. Samuels, 20 Rep., 1498; and Berry v. Foster, 22 Rep., 745. In the latter case it was held that it will be conclusively presumed, after the lapse of many years, that process was properly served, although the process was lost. That case is in many particulars similar to the case at bar. Here the judgment was rendered nearly thirty years before the institution

of the present litigation. The officer who made the return was dead. Appellee had taken possession under the deed made by order of court in satisfaction of that judgment; and although the proceedings may have been irregular, in that it does not appear that the land was sold to satisfy the judgment, still, although irregular, they were not void. Nor is the case altered because the record shows that it was an agreed judgment. It will be conclusively presumed that all parties affected by it agreed to it, else the court would not have entered it.

As appellant may not in a collateral proceeding thus assail the validity of that judgment, by attempting to show that summons was not served upon W. B. Hagins, who was a party to that suit, and for whom a summons was issued and upon whom the officer's return shows it was executed, the trial court correctly held that plaintiff was entitled to the relief sought. For, having taken possession under his deed, he held to the exterior boundary lines of that deed, and these apparently cover the land in controversy. The court only awarded to plaintiff so much of said land as he had not suffered to be enclosed within the undisputed boundary of W. B. Hagins. Neither party traced his title to the Commonwealth, and each asserted title to the property in question by adverse possession. The evidence is, as stated, conflicting, but, giving to the judgment under which appellee claims to have acquired possession that force to which its age entitled it, he has established the better claim to the land in question. The judgment is, therefore, affirmed.