## Keeton, et al. v. Tipton, et al.

(Decided June 13, 1919.)

### Appeal from Montgomery Circuit Court.

1. Wills—Instructions—Remainders.—Testator devised his property to a trustee with directions to pay the income to his wife for life, then to his two brothers for life, then to his surviving brother for life, and directed that on the death of such survivor, his trustee should convert his entire estate into cash, and divide and pay it over to "the then living descendants" of one of his brothers, per stirpes or by stocks: Held, that the remainder was contingent, since the persons who were to take were uncertain.

2. Remainders—Contingent Remainder—Acceleration.—Where, under
such a will, the surviving life tenant did not renounce the will
or refuse to take, but enjoyed the income therefrom for several
years, he could not accelerate the remainder by uniting with the
contingent remaindermen in an action to have the property sold
free from his claim, since the effect would be not to remove the
life estate out of the way under the doctrine of acceleration, but
merely to vest it in the purchaser.

CHARLES D. GRUBBS for appellants.

ROBERT H. WINN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

James D. Tipton, a resident of Montgomery county, died testate in the year 1905, leaving a widow, Sallie Black Tipton, but no children. He devised all of his property to a trustee, with directions to pay the net income to his wife her lifetime. Upon the death of his wife, he directed the payment of certain small bequests and disposed of the remainder of his estate in the following manner:

"Sixth. Subject to the provisions and bequests above made, my said trustee shall hold my estate and keep same invested and pay the net income thereof, equally to my two brothers, the said R. Letcher Tipton, of Montgomery county, Ky., and Dr. Waller Tipton, of Magoffin county, Ky., as long as they both live, and after the death of either of them, the whole of such net income to the survivor of them, my said two brothers, as long as he lives, and on the death of such survivor, my said trustee shall convert my entire estate into cash and shall divide and pay over same to the then living descendants of my said brother Waller Tipton, *per stirpes* or by stocks."

The testator's widow, Sallie Black Tipton, died many years ago. After her death the net income from the estate was paid to the testator's brothers, R. Letcher Tipton and Waller Tipton. Upon the death of R. Letcher Tipton, which also occurred several years ago, the entire net income was paid to Waller Tipton. Waller Tipton is now advanced in years and has seven children, some of whom are married and have children.

This suit was brought by Waller Tipton and six of his children against his daughter, Eva Keeton, and her

husband, George Keeton, and others, for the sale and division of all the property owned by the testator at the time of his death. The petition contains the following allegation:

"That the said Waller Tipton is otherwise provided for and is advanced in years, and that he desires to, and does surrender up and renounce all benefits made for him under the said trust in said will, and desires that the said property be sold free of the said trust and free of an usufructuary right therein in himself, and that the proceeds be divided among his children above named."

The chancellor granted the relief prayed for and the defendants, Eva Keeton and her husband, appeal.

The relief was asked and granted on the ground that the action of the life tenant, Waller Tipton, in uniting in the petition and surrendering all benefits under the will, had the effect of accelerating the remainder and vesting the title in the now living children of Walter Tipton. On the other hand, it is the contention of appellants that the remainder was contingent, and that being true, there can be no acceleration by a premature determination of the life estate. As the trustee was directed, upon the death of the testator's last surviving brother, to convert his estate into cash and to pay over same to "the then living descendants of my said brother, Waller Tipton, *per stirpes* or by stocks," it is apparent that the persons, who are to take, are uncertain, and that therefore the remainder is contingent. But the fact that a remainder is contingent is not alway conclusive of the right of acceleration, and the rule will not be applied where it will defeat the testator's intentions. O'Rear v. Bogie, 157 Ky. 666, 163 S. W. 1107. The doctrine of acceleration proceeds upon the theory that, though the ulterior devise is in terms not to take effect in possession until the decease of a prior devisee, if tenant for life, yet that, in point of fact, it is to be read as a limitation of a remainder to take effect in every event which removes the prior estate out of the way. Cummings v. Hamilton, 220 Ill. 480, 77 N. E. 264. Hence, where it is apparent that the remainder is postponed only in order that a life estate may be given to a life tenant, a failure or a destruction of the life estate will accelerate the remainder, al-

though the life tenant be alive. Hence, if the life tenant renounces the will, or refuses to take, or becomes incapable of taking, or the life estate has been terminated by the happening or non-happening of a certain event provided for in the instrument creating the estate, the remainder will be accelerated.

In other words, the cases provide that the prior estate shall be "removed out of the way," and in the case of Cummings v. Hamilton, *supra*, it was held that a conveyance of the life estate to the remaindermen did not amount to its removal "out of the way." Discussing the question, the court said:

"It is not removed unless it is in some manner destroyed, as by renunciation or refusal to take, or by its being defeated by some event which takes away the right of the life tenant to hold the property prior to his decease, where the instrument creating the life tenancy has provided that such event should terminate that tenancy, or where the life tenant has failed in the performance of duties upon the performance of which the life tenancy depends. The conveyance of the life estate to another does not amount to a destruction or removal thereof."

We are unable to perceive any substantial distinction between that case and this. Here, the life tenant did not renounce the will or refuse to take. As a matter of fact, he did take under the will and enjoyed the income for a number of years. He now comes into court and renounces his interest, and asks that the property be sold free of his claim. It seems to us that this is not such a failure or destruction of the life estate as is contemplated by the law. It is nothing more than a conveyance by estoppel, and the effect is not to destroy the life estate, but really to vest it in the purchaser. Were we to adopt the rule that the life tenant, by such an act, could accelerate a contingent remainder, it would open the door for collusive proceedings that might result in the property's being used and expended by those who might never be entitled to it under the will.

Judgment reversed and cause remanded with directions to enter judgment dismissing the petition.