## Brooks et al. v. Stuart.

(Decided March 27, 1931.)

O. M. SMITH for appellants.

COLEMAN TAYLOR for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In the early part of 1909 Ferdinand Wood, a citizen of and resident in Logan county, Ky., died testate, and

his will was duly probated in the county court of that county on April 5 of that year, it having been executed in October, 1908. Its two disposing clauses were No. 2 and No. 3, which were and are in these words:

> "Second: I give to Walter Wood my son Sixty acres of land on west side of the pond to have and to hold his life time and then back bodily heirs.
>
> "Third: I give devise and bequeath all the rest residue and remainder of my estate, both real and personal, to my beloved wife Oakly Wood, to have and to hold as long as she remains my widow, and then to my bodily heirs and assigns forever."

The testator left surviving him as his bodily heirs some adult children, one infant child, and some infant grandchildren, the children of a deceased son, and all of them were still infants on January 5, 1922, at which time the adult heirs of the testator filed a petition in equity in the Logan circuit court making the infant heirs and their guardians, and one nonresident adult heir of the testator, defendants, and in it one of the plaintiffs, Walter Wood, who was devised a life estate in 60 acres of the testator's land, expressly surrendered and relinquished his life estate devised to him by the second clause of his father's will. It was further averred in the petition that under the will the heirs of the testator took and were vested with a remainder interest after the life estate of Walter Wood in and to the sixty acres mentioned in the second clause of the will, after the termination of the estate given to the testator's widow by the third clause of the will, she having died in the meantime without remarrying. It was, therefore, alleged that the heirs of the testator jointly owned and were (then) in possession of testator's real estate, which was a tract of land containing about 225 acres, and that it was necessary to sell it for the purposes of division, since it could not be divided without materially impairing its value. The infants were duly summoned and represented by both statutory guardian and guardian ad litem. The court sustained the prayer of the petition, after evidence taken to prove its material averments, and the land was ordered sold by the master commissioner, and that order was executed by him, and at the sale the appellee and defendant (Stuart) in this action became the purchaser at the price of $9,880. The sale was duly reported and confirmed,

and the master commissioner executed a deed to him which was approved by the court.

In the latter part of 1923, the appellee and defendant, B. Marvin Stuart, who was the purchaser at the decretal sale as we have seen, sold appellants and plaintiffs below, James and Lois Brooks, 70 acres of the 225 that he purchased at the decretal sale, and which included the 60 acres in which Walter Wood was devised by his father an estate for his life by the second clause of the will. The price agreed to be paid for that 70 acres was $2,500. A deed was duly executed by defendant to plaintiffs, and they immediately took possession and have retained it continuously since, having paid in the meantime all of the consideration except about $900.

On April 5, 1927, plaintiff filed this equity action in the Logan circuit court against defendant to rescind the conveyance made by defendant to them of the 70 acres, upon the ground that his deed to them impliedly, though not expressly, contained a warranty of seizin, and that he did not obtain a perfect title to the land by his decretal purchase, nor had he acquired it since then, and that such implied covenant was simultaneously broken with the execution of his deed that he executed to them and that, unlike a breach of warranty of title, they were entitled to maintain their action for rescission without being evicted. They further averred (and which was necessary before they could maintain their action in any event) that the judgment in which the sale of the land was ordered, and under which defendant obtained title, was void because, as alleged, it was entered by agreement of parties and which, as contended, was ineffectual to bind the infant defendants. Furthermore, it was insisted that the alleged agreed judgment was in direct conflict with the provisions of the will, and that the consent thereto by the adult heirs deprived the infant ones of their property as devised to them by the will. Following pleadings made the issues and upon submission after evidence taken (which embraced a certified copy of the entire record of the division suit among the heirs, hereinbefore referred to), the court dismissed plaintiffs' petition, and to reverse that judgment they prosecute this appeal.

It is somewhat difficult for us to clearly understand the precise contentions made in brief for appellant, but the cause of action proceeds (conceding, but not deciding,

that plaintiffs can maintain it at this time without eviction of possession) upon the theory that the judgment in the division action was void because (1) it was not one rendered by the court, but was one that the adult parties had agreed to and which was aproved by the court, and (2) that the judgment ignores the provisions of the will and substitutes the adjudications therein in lieu of it. Since we have concluded that neither of those reasons is sufficient to invalidate the judgment rendered in the division action, it will be unnecessary to determine the other argument of counsel that his clients may maintain this action without eviction upon the ground relied on by him and hereinbefore referred to.

Reason (1) is not maintainable, because the judgment in the division action does not show it was one agreed to by the parties, but only that the cause was submitted to the court by agreement of parties, and the court then construed the testator's will as devising his land to his bodily heirs after the termination of the life interests, and that at the time of the filing of that action one of such life tenants was dead (the widow), and the other surrendered his life interest, thereby accelerating the remainders following it and which had the effect of creating a present joint ownership and possession by all of testator's heirs of the entire tract sought to be divided. We think the court was correct in that conclusion; but, if it were otherwise, then the judgment of the court on that question would not be void, since it had jurisdiction of the subject-matter and of all of the interested parties, and the court's construction of the will, if unauthorized, would constitute only an error to be corrected in the manner provided by law, and would not render the judgment void, and which consequence is so well settled and of such universal application as to not require the citation of authorities for its support. It is, therefore, clear that the judgment herein attacked, if defective at all (but which we do not conclude), was correctible only by appeal, and was not void and subject to collateral attack, which is attempted by plaintiffs in this action. Some of the many cases from this court so holding are Duff v. Hagins, 146 Ky. 792, 143 S. W. 378; Wolverton v. Baynham, 226 Ky. 214, 10 S. W. (2d) 837, and others therein referred to for the general and universal rule. To the same effect, see, also, 15 R. C. L page 835, Sec. 310, and 34 C. J. 54.

That a life tenant may surrender his life estate followed by the acceleration of the remainder interest in possession was upheld by this court in the case of O'Rear v. Bogie, 157 Ky. 666, 163 S. W. 1107. See, also, Keeton v. Tipton, 184 Ky. 704, 212 S. W. 909, and 21 C. J. 970, Sec. 114. Our conclusions, therefore, are that the judgment in the division action was not even erroneous, much less was it void; but if it were erroneous, though not void, plaintiffs cannot attack it in this collateral proceeding, and which conclusion, we repeat, renders it unnecessary to determine the right of plaintiffs to maintain this action without prior eviction.

Wherefore the judgment is affirmed.