# Baldwin's Coex'rs et al. v. Curry et al.

(Decided March 25, 1938.)

SELLIGMAN, GOLDSMITH, EVERHART & GREENEBAUM for appellants.

TRABUE, DOOLAN, HELM & HELM and CRAWFORD, MIDDLETON, MILNER & SEELBACH for appellees.

HOWARD O. HUNN for appellee nonresident infant.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Lloyd Byron Baldwin, a citizen and resident of Jefferson county, died testate in December, 1936. After his will had been duly admitted to probate in the county court of that county, the Fidelity & Columbia Trust Company and Mrs. Emma Cochran Baldwin, widow of testator, who were nominated in the will as executors, duly qualified as such. The Fidelity & Columbia Trust Company was also designated in the will as trustee of a trust therein created.

Thereafter, within the time prescribed by statute and in conformity with its provisions, Emma Cochran

Baldwin, the widow of testator, renounced the will, electing to take her dower and distributable share of the estate as provided by statute in cases of intestacy. Kentucky Statutes, sec. 1404. A controversy having arisen between the residuary legatees and the executors and trustee designated in the will concerning the construction of the will, and how and when the residue of the estate should be distributed, after the widow had received her dower and distributable share, the executors and trustee instituted this action under the declaratory judgment law, Civil Code of Practice, sec. 639a-1 et seq., against Lydia R. Curry and other residuary legatees named in the will asking for a declaration of rights.

The questions about which controversy arose and which the court was asked to determine are, in substance: (1) Should the executors after payment of debts, attorney's fees, costs of administration, specific devises, and payment to the widow of her dower and distributable share and widow's exemption, transfer the balance of the estate to the designated trustee to be held in trust for the residuary legatees named in the eighth clause of the will, and upon the death of the widow distribute the principal of the trust fund in the manner provided in such clause; (2) or should the executors upon payment of the sums above indicated forthwith make distribution of the residue of the estate to residuary legatees named in the eighth clause of the will; and (3) whether Lucinda T. Morrison should be paid her proportionate share of the residue of the estate under the eighth clause of the will as though she were a niece by blood of testator. The pertinent portions of the will are clauses 3 and 8; however, reference may be made to other portions as bearing on the intention of testator.

The third clause reads:

"To my nieces and nephews, children of my brother William Cloud Baldwin, deceased; I give, and bequeath the following sums: To Ella Josephine Baldwin, Three Thousand dollars ($3,-000.00); to Harry S. Baldwin, Parker L. Baldwin, Emma C. Vaughn; Fifteen Hundred dollars ($1500.00) share and share alike. I give and bequeath to my niece, Violetta L. Burbage, daughter of my brother, Joseph Baker Baldwin, deceased,

Five Hundred Dollars ($500.00). I give and bequeath to Violetta C. Russell, daughter of E. Clyde Burbage and his wife, (my niece Violetta L. Burbage) Five Hundred Dollars ($500.00) for the purpose of aiding in the care and education of her son, Lloyd Byron Russell. I give and bequeath to my niece Lydia Rebecca Curry, and to my nephew Joseph Parker Baldwin, One Thousand dollars, share and share alike.

"The bequests in this third paragraph are made in memory of my sister Ella L. Baldwin, and I direct they be paid to the legatees without diminution by reason of inheritance taxes or other taxes to which they be subject, which taxes I direct shall be paid out of or from the residue of my estate.

"In the event of the death in my lifetime of legatees named in this item of my will without children surviving, I direct that the legacies herein given to those so dying shall lapse and become a part of the residue of my estate.

"I give and bequeath to Mrs. Lucinda T. Morrison as a memento the sum of Five hundred dollars ($500.00) my niece."

Other provisions of the will preceding the eighth clause provide for the payment of testator's debts, the caring for the graves of himself and relatives, the disposition of household and other personal effects. The eighth clause of the will leaves the residue of the estate to the Fidelity & Columbia Trust Company in trust for the benefit of the wife of testator during her lifetime, with directions for payment of the income to her and also for the use of a portion of the corpus for her comfort and support, if necessary. It then provides:

"* * * And at and immediately after the death of my said wife upon the further trust to divide all that remains of the principal of said trust fund, and all interest in hand and that may then have accrued, among my nieces, and nephews named hereinbefore, share and share alike; the children of nieces and nephews at that time deceased to receive in equal shares the share their parents would receive if living, and I so give and bequeath said residue. If my said wife do not survive me, I give

and bequeath said residue to said nieces and nephews, or to the issue of those who may then be deceased."

After all parties had been properly brought before the court and the issues completed, it was adjudged, in substance: (1) That upon the renunciation of the will by the widow, the remaindermen were vested with the fee-simple title to and entitled to receive the residuary estate in the hands of the executors or trustee; (2) that the word "nieces," as used in the eighth clause of the will, referred to a class of persons of which Mrs. Lucinda T. Morrison is one, so that she is one of testator's nieces and as such was entitled to share with other nieces and nephews mentioned in the will. The executors and trustee are appealing.

When we come to a consideration of the effect of the renunciation of the will by the widow with respect to the rights of the residuary legatees designated in the will, it is at once apparent from the will as a whole and as indicated in the chancellor's opinion, the testator's wife was the supreme object of his bounty and devotion and his primary solicitude was for her comfort and welfare so long as she might live. Manifestly, it was to this end that he postponed the distribution of his residuary estate in order that his wife might enjoy the income and if necessary the greater portion of the principal; that the trust created by the will was solely for the benefit of testator's wife is clearly evidenced by the last sentence of clause 8 of the will, wherein it is provided that, if she did not survive testator, the residuary estate would go to the nieces and nephews mentioned in the will.

Counsel for appellants concede the general rule in this and other jurisdictions to be that unless a contrary intention be clearly manifest in a will, the renunciation by a widow given a life estate thereunder has the effect of precipitating the remainders dependent upon her life estate the same as if she had died as of the date of renunciation. In other words, that upon renunciation of the will the situation is the same as if the widow had predeceased testator or had died at the time of the renunciation.

In O'Rear v. Bogie, 157 Ky. 666, 163 S. W. 1107, 1109, the testator gave a life estate to his widow and

then a life estate to a brother, but provided that upon the death of both, or if he survived both, the property should go to his descendants as in case of intestacy. The widow renounced the will. It was held in the opinion that it was the intention of testator that distribution be made upon renunciation of the will and that all parts of the will should be read together and testator's intention drawn from it as a whole. Among other things, it was said:

"He did not have in mind providing for such descendants of his brothers and sisters as should survive a certain period; he did not have in mind the keeping of his estate together until a certain period and a distribution of it then to those who might be then living of the descendants of his brothers and sisters, for he directed that the property should vest at his death if his brother John and his wife died before his death. What he had in mind was simply a provision for his wife and his surviving brother, and subject to this he desired the estate to go to the descendants of his other brothers and sisters as if he had died intestate."

See, also, Ruh's Ex'rs v. Ruh, 270 Ky. 792, 110 S. W. (2d) 1097; Breckinridge et al. v. Breckinridge's Ex'rs, 264 Ky. 82, 94 S. W. (2d) 283; Wood's Adm'r v. Wood's Devisees, 58 Ky. 512, 1 Metc. 512; Peynado's Devisees v. Peynado's Ex'r, 82 Ky. 5; Brooks v. Stuart, 238 Ky. 235, 37 S. W. (2d) 56.

These cases, and others that might be cited, are conclusive of the correctness of the chancellor's opinion and none are found indicating otherwise.

As a matter of first impression the right of Mrs. Lucinda T. Morrison, who is not a daughter of a brother or sister of testator but only a niece by marriage, to share in the residuary estate, would present a more serious problem, but the testator's intention respecting that matter must likewise be determined from the will in its entirety. In discussing this question the chancellor in his opinion said:

"By the same paragraph of the will wherein he names his nieces and nephews and sets forth their relationship to him, he makes a bequest to Mrs. Lucinda T. Morrison and identifies her in the following language, 'I give, and bequeath to Mrs. Lu-

cinda T. Morrison as a memento the sum of Five Hundred Dollars ($500.00) my niece.' It was not necessary for him to use the words 'my niece' unless the testator intended by adding these words to put Mrs. Morrison in the class to which he later refers in the residuary clause of the will."

And as pointed out by the chancellor, the testator again in the seventh clause of the will, wherein he made directions concerning the disposition of certain personal effects, again referred to Lucinda T. Morrison as "my niece." In making the special bequest to Mrs. Morrison, the sentence was complete and the bequest definite and certain before the words "my niece" were added at the end. The position of those words in the sentence is to our minds somewhat significant, since they were apparently added as an afterthought; and in view of their use again in connection with the name of Mrs. Morrison in the seventh clause, it is manifest that they were not used merely as a matter of identifying the beneficiary of the $500 special bequest, but with a purpose to include Mrs. Morrison in "my nieces and nephews named hereinbefore," as beneficiary in the eighth clause.

Generally speaking and as indicated by authorities cited, nieces and nephews mean the immediate descendants of brothers and sisters of a testator and do not include nieces and nephews by marriage unless such intention appears or is expressed by the will as a whole. Since testator twice referred to Mrs. Morrison as "my niece" in clauses preceding the eighth, the conclusion is inescapable from a consideration of the will as a whole that he had her in mind as such when he made disposition of the residue of his estate by that clause.

Judgment affirmed.

Whole court sitting, except Chief Justice Stites.