## State Highway Commission et al. v. Dotson et al.

March 19, 1948.

Eldon S. Dummit, Attorney General, C. F. Kelly, Assistant Attorney General, and W. W. Burchett for appellants.

Joe P. Tackett for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

34

In 1940, proceedings were instituted in the Floyd County Court for the purpose of condemning a right-of-way through lands owned by the appellees. The right-of-way passed within a few feet of two small cemeteries. There was a 10 or 12 foot cut near the first cemetery and a 7 or 8 foot one near the second. The jury was taken on the premises and in his instructions the county judge told the jury not to consider the grave-yards as they would be taken care of later. An award of $800.00 was made in favor of the appellees and judgment was entered accordingly. Two years later a special commissioner conveyed to the State Highway Commission the land directed to be conveyed by the judgment. The description in the judgment was in accordance with the petition. In 1943, the appellees instituted this action in the Floyd circuit court to have the commissioner's deed reformed so as to exclude that part of the right-of-way extending along and in front of the two cemeteries. The appeal is from a judgment directing a reformation of the deed.

The defendants in this (circuit court) action are the State Highway Commission of Kentucky and Floyd County, who are now the appellants from the judgment of that court decreeing a reformation of the commissioner's deed in the county condemnation proceedings so as to correct an alleged mistake in the location of the condemned right-of-way, as described in the condemnation petition, in the judgment of the county court and in the commissioner's deed executed pursuant to the judgment rendered by that court.

The ground for the relief sought in this action in the Floyd circuit court is thus stated in the petition: "That by mistake or oversight the judge (county judge) entered a judgment including said property which it had caused the jury not to award compensation for." (Our parenthesis). The reformation which the Floyd circuit court directed was that the Master Commissioner's deed "is hereby reformed to the extent that the land adjacent to and immediately in front of two certain cemeteries, mentioned in the plaintiffs' petition and in which are buried the relatives and members of plaintiffs' family, is and the same is hereby excluded from said deed or conveyance."

There was both a special and general demurrer filed to the petition, each of which the court overruled. The special demurrer challenged the jurisdiction of the Floyd circuit court to grant the relief prayed for and we entertain no doubt that the court committed reversible error in overruling it. Section 177.080, KRS, confers exclusive original jurisdiction upon county courts to hear and determine condemnation proceedings of the character here involved. Other sections provide for an appeal by either dissatisfied litigant to the circuit court and if dissatisfied with the judgment therein an appeal may be taken to this court. The instant action is unquestionably a direct attack on the judgment of the Floyd County court in that it committed an alleged mistake in the trial of the condemnation proceedings of the nature and character pointed out in the excerpt above from the instant petition.

In the case of Baker v. Baker, Eccles & Co., 162 Ky. 683, 692, 173 S. W. 109, 113, L. R. A. 1917C, 171, involving the distinction between a collateral and a direct attack of a judgment, we said: "We are also clear that the attack made on this Kentucky judgment was a collateral attack, as a direct attack on a judgment can only be made in the manner pointed out in the Code; that is to say, by prosecuting an appeal or by proceedings had under the Code and in the manner pointed out in sections 344, 414 and 518 for the modification or vacation of judgments. An attack made on a judgment in any other way is a collateral attack. Black on Judgments, Volume 1, sec. 252; Vanfleet on Collateral Attack on Judicial Proceedings, sec. 2; Duff v. Hagins, 146 Ky. 792, 143 S. W. 378."

In the case of Harrod v. Harrod, 167 Ky. 308, 180 S. W. 797, involving the same question of relief from judgments we approved that statement by literally incorporating it in our opinion rendered therein, and the distinction between the two characters of attack so made, has continued to be approved and followed since the rendition of our opinions in those cases.

No motion for a new trial was made in the condemnation proceedings in the Floyd County court, and this attack is necessarily one made under either section 344 or 518 of our Civil Code of Practice. The first section

prescribes that the proceeding to obtain a new trial "may be made by a petition filed with the clerk not later than the second term after the discovery—on which a summons shall issue, as on other petitions * * *."

It clearly appears therefrom that the procedure to obtain relief from the judgment must be made in the court that rendered the judgment. The same is true as to the remedy provided by section 518, which is so expressly stated in the very beginning of that section in these words, "The court *in which* a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it." (Our emphasis.) That requirement is followed by eight subsections setting out the grounds upon which a new trial may be sought.

The fact that the petition herein only expressly sought a reformation of the commissioner's deed that he was directed to make in the county court condemnation proceedings to the condemnors, does not relieve this action from being an attack on the *judgment* of the county court, since the deed by the commissioner follows the description of the condemned strip as described both in the petition and in the judgment, and the commissioner was directed to execute a deed according to that description. To correct the deed alone without correcting the judgment would create a patent conflict between the deed and the judgment which the commissioner was directed to specifically enforce.

There is no escape, therefore, from the conclusion that the Floyd circuit court should have, as we have hereinbefore stated, sustained the special demurrer to the petition, and having failed to do so the judgment is reversed with directions to sustain it and to dismiss the petition, but all questions relating to the merits of the case are not determined, but reserved.

Wherefore, the judgment is reversed.