## Childers et al. v. Foster.

May 13, 1949.

G. W. Stephens for appellant.

Leonard S. Stephens for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

The sole issue in this case involves the proper boundary lines of a parcel of land included within a larger tract which the Chancellor ordered sold for division.

In 1923 appellee's predecessor in title purchased the property involved from appellants' predecessor. It was part of what is known as the W. G. Freeman tract, sometimes referred to as the "A. P. Freeman Survey", and the description was written with reference to these boundaries. The acreage is in or near the northeast corner of the larger tract. For several years there have been controversies as to whether or not it actually ex-

tended to the northeast corner, having as its northern boundary the north line of the Freeman property.

The description in the deed is as follows (our italics): "Beginning on a stone corner on the bank of the branch in the original outside line of the W. G. Freeman 200 acre tract; thence a southern direction with the outside line of the said 200 acre tract to a beech tree; thence eastward direction 37 poles to a beech and sourwood; *thence in a northern direction 50½ poles to a black pine in the outside line;* thence west with said line to the beginning, containing 25 acres, more or less."

The location of the "beech and sourwood" is agreed upon. Appellants insist the "black pine" called for is a natural object, the location of which they proved. Appellee's position is that in view of the controversy over the location of this tree, the line must be extended to "the original outside line" of the Freeman Survey. This point on the outside line is actually more than 100 poles from the beech and sourwood.

Several years ago some of the appellants brought suit to enjoin appellee from cutting timber north of "the old Bauer line", which was a mistaken boundary running east and west through the Freeman tract some 50 odd poles north of the beech and sourwood. The decision in that case in 1945 reaffirmed appellee's ownership of the smaller parcel of land, and the description in the judgment was the same as that appearing in the original deed to appellee. This judgment thus recognized the northern boundary of appellee's land as being *"in the original outside line"* of the Freeman tract. No appeal was taken. By amended petition in this action appellants ask that that judgment be modified by deleting the words quoted above. Regardless of whether or not the issue in the present suit is res judicata, which is argued, it is elementary that the Chancellor could not in this collateral proceeding modify the judgment in another action. See State Highway Commission et al. v. Dotson et al., 307 Ky. 33, 209 S. W. 2d 703.

The question in the case really simmers down to whether appellants' claimed location of the black pine or "the original outside line" of the Freeman property is controlling. While there is a conflict in the evidence

regarding the pine, there is no controversy over the location of the original outside northern boundary line of the Freeman tract. Since the line is called for in two deeds and the former judgment, and since the correct corner lies somewhere along it, the recited 50½ pole distance to the black pine must be ignored. See Rock Creek Property Company v. Hill, 162 Ky. 324, 172 S. W. 671. There was substantial evidence upon which the Chancellor decided the case in appellee's favor after personally viewing the premises, and we are not inclined to disturb his judgment.

For the reasons stated, the judgment is affirmed.