CITIZENS–UNION BANK & TRUST COMPANY, a Corporation, Executor and Trustee of the Estate of E. L. Sandusky, Appellant,

v.

Nancyetta Sandusky PALUMBO et al., Appellees.

Court of Appeals of Kentucky.

May 11, 1956.

Robert F. Stephens, John A. Palumbo, Lexington, for appellant.

Frank G. Trimble, Jr., Lexington, for appellees.

SIMS, Judge.

This is an appeal from a summary judgment in a declaratory action brought to construe the will of E. L. Sandusky. The trial judge held the widow's renunciation of the will accelerated the remainder interests of testator's two daughters, who took subject to their mother's life estate, and thereupon the remainders vested absolutely. The executor and trustee appeals.

E. L. Sandusky, a resident and citizen of Fayette County, died on April 6, 1955, and his will was probated during the same month by the Fayette County Court. The bulk of the estate was devised to appellant, Citizens-Union Bank & Trust Company as executor and trustee, with directions that it pay to the widow the income of the estate for life and upon her death divide it equally between testator's two daughters "absolutely, fully discharged of all trust." On July 22, 1955, the widow renounced the will and our question is what effect did the renunciation have on the estate left in trust to the two daughters subject to their mother's life estate.

It has long been the rule in this jurisdiction that when a widow given a life estate with remainders over, renounces the will, the remainders are accelerated and come into effect just as if the widow had died, unless the will clearly expresses a contrary intent on the part of testator. A few of our cases so holding are Gale's Heirs v. Miller, 19 Ky. 416; Wood's Adm'r v. Wood's Devisees, 58 Ky. 512; O'Rear v. Bogie, 157 Ky. 666, 163 S.W. 1107; Baldwin's Coex'rs v. Curry, 272 Ky. 827, 115 S.W.2d 333; Farmers Bank & Capital Trust Co. v. Morgan, 308 Ky. 748, 215 S.W.2d 842. This is the majority rule in the United States. 4 Page on Wills, § 1390, p. 90; 33 Am.Jur., "Life Estates, Remainders, Etc.", § 155 p. 622; 2 Russell & Merritt Kentucky Probate Practice, § 1294, p. 317; Thomsen v. Thomsen, 196 Okl. 539, 166 P.2d 417, 164 A.L.R. 1426. These authorities are to the effect that a person is presumed to know the election of his widow to renounce the will and to

take under the intestate law is equivalent to her death and unless the will plainly indicates a contrary intent, remainders are accelerated.

We now examine the will to see if it contains a plain intent of testator that the remainders were not to be accelerated upon the renunciation of the will by the widow. Item 3(b) of the will provides that upon the death of the widow, the estate shall be divided into two parts, "absolutely, fully discharged of all trust," one of which shall include 51% of the capital stock of the Savage Lumber & Manufacturing Company and be paid over to his daughter, June; and the other part to be paid over to his daughter Nancyetta. The will recites the reason 51% of the stock of the company should go to June is because her husband, Robert Stephens, has shown an aptitude for the business. Since the widow by renouncing the will is entitled to one-half of testator's 96% of the stock in the company, it is impossible to carry out his intention that June receive 51% of the company's stock. Item 6 of the will provides if the widow predeceases testator, there is to be no trust and his estate is to be divided between his two daughters "absolutely and forever."

This will is long and we will not attempt to review all of its many items, but the two to which we have referred, as well as those not mentioned, clearly show it was testator's plain intent to leave his entire estate in trust with the bank for the use and benefit of his widow for life, and at her death the trust was to terminate and his estate be divided equally between his two daughters. There is nothing in the will evidencing an intention of the testator to extend the trust beyond the death of his widow. Hence, the renunciation of the will by her had the same legal effect upon that instrument as her death would have,— accelerated the remainders—and the two daughters took their respective remainder interests then and there the same as they would had their mother died.

As this is the conclusion the trial judge reached, his judgment is affirmed.